IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| DENISE PAJOTTE | * |
| Plaintiff | * |
| v. | *   CASE NO.:CAL16-40434 |
| THE ESTATE OF TYSON PAJOTTE, et al | * |
| Defendants | * |

### MEMOMORANDUM IN SUPPORT OF
### DEFENDANTS' MOTION TO STRIKE JURY DEMAND

The Defendants, Estate of Tyson Pajotte and Lynette Pajotte, by and through their attorneys, Samantha Granderson and Bacon, Thornton, & Palmer, L.L.P., in support for its Motion to Strike Jury Demand filed herein, states as follows:

### 1. EQUITABLE CLAIMS

This case comes before this Court as a declaratory judgment action in which the Plaintiff requested the Court to determine and adjudicate the rights of the parties with respect to the allocation of a life insurance policy proceeds, in which Plaintiff, Denise Pajotte was the named beneficiary. Plaintiff's rights as beneficiary are at issue in this matter based upon a Property Settlement Agreement entered into by the Plaintiff and the deceased Defendant, Tyson Pajotte which was incorporated into the parties' final judgment of divorce. There are no disputed facts in this case and the only questions before the Court involve are equitable in nature and requires an interpretation of the terms of Property Settlement Agreement, as it relates to the parties' rights to receive the proceeds of the life insurance policy and the duties required by the parties of said agreement.

1

Plaintiff has also asked this Court to determine the validity of the marriage between the Defendant, Lynette Pajotte and the deceased Tyson Pajotte. This action is also equitable in nature and Pursuant to Md. Code Ann., Fam. Law § 1-201(a)(3) the equity court has jurisdiction over this matter.

## II. <u>WAIVER</u>

Plaintiff has waived her right to a jury trial by failing to make demand in a timely manner pursuant to Md. Rule 2-353(b). Plaintiff filed her initial complaint in this case on November 9, 2016, which was served on the Defendant on November 28, 2017. Plaintiff subsequently filed a Jury Demand on or about December 20th, 2016, over 15 days after initial complaint had been served. In the Defendants' answer, filed on or about December 22, 2016, the Defendants asked the Court to deny Plaintiff's jury demand. Plaintiff then filed an Amended Complaint on or about January 10, 2017 and has failed to demand a jury trial on separate paper or within the amended complaint. The Defendants filed their answer to the amended complaint on or about February 24, 2017. There has been no jury demand made subsequent to the filing of Defendant's Answer.

Maryland Rule 2-325 regulates guaranteed jury right and provides in part that any party may elect a trial by jury of any issue triable of right by a jury by filing a demand therefore in writing either as a separate paper or separately titled at the conclusion of a pleading and immediately preceding any required certificate of service. Although Plaintiff did file a Jury Demand on December 20, 2017, Plaintiff effectively waived her right to a jury trial by allowing more than 15 days to pass before filing the jury demand. Defendant further argues that after amending her Complaint, Plaintiff failed to revive her jury demand by failing to make a formal request within the amended complaint or by a separately titled pleading. The failure of a party

2

to file the demand within 15 days after service of the last pleading filed by any party directed to the issue constitutes a waiver of trial by jury. Therefore, Plaintiff has waived her right to a jury trial.

### III. CONCLUSION

For the foregoing reasons, the Defendants request that this Court strike's Plaintiff's Jury Demand in the above captioned action.

Respectfully submitted,

BACON, THORNTON & PALMER, L.L.P.

Samantha Granderson, Esquire
Capitol Office Park
6411 Ivy Lane, Suite 500
Greenbelt, Maryland 20770
(301) 345-7001 (telephone)
(301) 345-7075 (fax)

3