IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| DENISE PAJOTTE | } |
| | } |
| Plaintiff | } |
| | } |
| vs. | } Case No. CAL16-40434 |
| | } |
| LYNETTE PAJOTTE, ET AL | } |
| | } |
| Defendant | } |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Defendants, Lynette Pajotte and The Estate of Tyson Pajotte, by and through their attorneys, Samantha Granderson and The Law Office of Bacon, Thornton & Palmer, LLP, respectfully submits this memorandum in support of its Motion for Summary Judgment, and would show the Court the following:

### I. INTRODUCTION

This case is a declaratory judgment action in which a Plaintiff, former spouse of deceased Tyson Pajotte, is seeking to collect the proceeds of two life insurance policies in which she was named beneficiary by the deceased. During the time Plaintiff and Tyson were married, Tyson obtained a two life insurance policies, one issued by Metropolitan Life Insurance Company ("MetLife") and one issued by Reliastar Life Insurance Company; both polices named Plaintiff as the beneficiary. In October 2006, when Plaintiff and Tyson ended their marriage, they executed a Separation Agreement in which Plaintiff waived and relinquished all rights as the beneficiary of any life insurance policies executed prior to the Separation Agreement. Both policies at issue in this action were executed prior to the Separation Agreement.

Despite having waived her right to be the beneficiary when they divorced on October 30, 2006, Plaintiff Denise Pajotte, after Tyson's death, made a claim to said insurance companies for the policy proceeds. MetLife relied in good faith on the Separation Agreement and applicable Maryland law to deny payment to Plaintiff and to instead make payment to Defendant Lynette Pajotte ("Lynette"), as personal representative of the Estate of Tyson Pajotte. Reliastar Insurance Company, in light of the competing claims, brought an Interpleader action in this Court and has left the proceeds of that policy in the Court for a determination to be made as to who has proper right to the proceeds of their policy.

The only question is a question of law in which the Court must determine the rights of each party as they relate to the proceeds of the MetLife and Realistar Insurance policies, in light of the executed separation contract. There are no disputes as to any material facts in this case, only the interpretation of the terms of the contract (Separation Agreement) and their effects on the rights of the parties.

## II. STATEMENT OF GROUNDS

Maryland Rule 2-501(a) provides that a party may file a motion for summary judgment at any time "on the ground that there is no dispute as to any material fact and that the party is entitled to judgment as a matter of law." Maryland. Rule 2-501(a). The court examines the pleadings, depositions, admissions, answers to interrogatories, and affidavits to determine "whether a material fact exists and, if not, what the ruling of law should be... resolving all inferences ... against the moving party." *Gross v. Sussex,* 332 *Md. 247, 256, 630 A.2d 1156 (1993).* "When the moving party has provided the court with sufficient grounds for summary judgment, the opposing party must demonstrate that there is a genuine dispute of material fact by presenting facts that would be admissible in

2

evidence." *Id.* at 255. "The purpose of the summary judgment is not to determine factual issues, but rather to determine whether there is a dispute over material facts that should be tried." *Russo v. Ascher, 76 Md App. 465, 473, 545 A.2d 714 (1988).*

### III. UNDISPUTED FACTS

Plaintiff and Tyson were married on December 8, 1979. (Third Amended Complaint for Declaratory Judgment ("Compl."), ¶9.) During the marriage, Tyson acquired life insurance policies issued by MetLife and Reliastar Insurance Company. (Compl.,¶10.) Plaintiff was designated in writing as the beneficiary of these policies. (Compl., ¶11.) Her designation as the beneficiary was fully revocable. (Compl, ¶12.) Eventually, Tyson and Plaintiff separated due to marital problems. (Compl.,¶13.) On or about October 26, 2006, Tyson and Plaintiff executed a Separation and Property Settlement Agreement ("Agreement") in which Plaintiff affirmatively waived her rights as the beneficiary of Tyson's insurance policies. (Compl., ¶114; Ex B. § 6(d).) The Agreement also provided that *"[e]ach party shall execute any document required: to permit the other party to change any beneficiary designation ... ; or, (ii) to waive any right to be treated as a survivor or surviving spouse of the other party."* (*Id.*) Specifically, § 6(d) of the Separation Agreement pertaining to Estate Rights provides:

> "(d) In the absence of any contrary agreement of the parties set forth elsewhere in this Agreement, in the event of the death of a party, and in the further event that the deceased party has, by document executed prior to the execution of this Agreement, designated the surviving party as a beneficiary of any life insurance or annuity policy, or as beneficiary or recipient of any death or survivor benefit or other amounts payable to the surviving party in connection with any pension plan, profit sharing plan, retirement plan, annuity contract, IRA, SEP-IRA, 401(k) plan, 403(b) plan, Thrift Savings Plan, tax deferred income or savings or investment plan, deferred compensation plan, or any other tax deferral or retirement plan or account, then in such events, and notwithstanding such designation by the deceased party, *the, surviving party hereby waives and relinquishes any and all rights he or she might have as beneficiary or as a surviving spouse or as a surviving*

3

*former spouse or otherwise to receive the proceeds of any such life insurance or annuity policy,* or to receive any death or survivor benefit or other amounts payable in connection with any such pension, profit-sharing, retirement, annuity, IRA, SEP-IRA, 401(k), 403(b), Thrift Savings Plan, tax deferred income or savings or investment plan, deferred compensation plan, or similar tax deferral or retirement plan or account, and *the surviving party does hereby irrevocably assign any rights he or she might have to receive such proceeds, benefits or amounts payable to the estate of the deceased party* for distribution pursuant to the Last Will and Testament of the deceased party, or if the deceased party dies intestate, for distribution in accordance with the laws of intestacy. Each party shall execute any document required: (i) *to permit the other party* to change any beneficiary designation described hereinabove; or, (ii) to waive any right to be treated as a survivor or surviving spouse of the other party." (*Id.*)

The parties were granted an absolute divorce on October 30, 2006. (Ex. A, Judgment for Absolute Divorce. ("Divorce Decree")) The court also ordered that the provisions of the Separation Agreement be "incorporated (but not merged)" into the divorce decree by reference. (*Id.*) On November 20, 2006, almost a month after Tyson's and Plaintiff's absolute divorce was entered by the court, Tyson married Lynette Pajotte. (Compl., ¶20.) After Tyson's death, Lynette Pajotte was named the personal representative of his estate. (Compl., ¶31.) Plaintiff, in her capacity as representative of Tyson's estate, made claims for benefits under Tyson's life insurance policy with both Reliastar and MetLife. (Compl., ¶23.) At the time of Tyson's death, Plaintiff was still listed as the beneficiary on his MetLife policy, which Plaintiff used as a basis for making a claim under Tyson's policies, despite the fact that she had clearly and unequivocally waived her right to do so under the Agreement. (Compl., ¶21.)(Ex.B ¶29) MetLife denied Plaintiff's claim after a review of the competing claims and the Separation Agreement.(Compl., ¶30) The proceeds of the insurance policy were paid to the deceased's estate as stipulated in the Agreement. (Ex. B, ¶6(d)(Compl., ¶30.)(Ex.B ¶6(d).)

4

## IV. ARGUMENT

**A. Plaintiff affirmatively waived her rights as the beneficiary in the Separation Agreement.**

Under Maryland law, waiver is the intentional relinquishment of a known right, or such conduct that warrants an inference of the relinquishment of such right, and may result from an express agreement or be inferred from circumstances. *Myers v. Kayhoe,* 892 A.2d 520, 530 (Md. 2006). Whether contractual waivers by beneficiaries are valid "turns on the particular language in either the plan documents or the divorce decree or both." *Staelens v. Staelens,* 677 F. Supp. 2d 499, 508 (D. Mass. 2010). Here, the Plaintiff explicitly and intentionally waived her rights as beneficiary in the Separation Agreement. Section 6(d) of the Separation Agreement states that Plaintiff "waives and relinquishes any and all rights he or she might have as beneficiary or as a surviving spouse or as a surviving former spouse or otherwise to receive the proceeds of any such life insurance or annuity policy... "(Ex. B, ¶6d.) Plaintiff tries to shift the terms of the Separation Agreement by arguing that because Tyson failed to remove her as the designated beneficiary after their divorce, Tyson intended that Plaintiff remain as the beneficiary of his life insurance policies. (Compl., ¶25.)

*First,* the language in the Separation Agreement pertaining to Plaintiff's waiver is clear and unambiguous. There is no need to determine Tyson's (or Plaintiffs) intent by looking outside the waiver provision within the Separation Agreement. *Second,* Tyson's failure to remove Plaintiff as the designated beneficiary of the policies is legally insufficient evidence of whether he intended for her to remain the beneficiary. Per § 6(d) of the Separation Agreement, Plaintiff waived her interest under the life insurance policies regardless of whether she was still listed as beneficiary. *See Andochick v. Byrd,* 2012 WL 1656311, at *11 n. 11

5

(E.D. Va. May 9, 2012), *aff'd,* 709 F.3d 296 (4th Cir. 2013), *cert. denied,* 134 S. Ct. 235 (2013) (rejecting an argument that a deceased failing to remove someone as a beneficiary in policy documents is indicia of an intent to benefit the named beneficiary because the inverse could equally be true-i.e., if the deceased *wanted* to benefit the named beneficiary, she would have done so in the separation agreement).

Further, the Separation Agreement does not make the Plaintiffs waiver of beneficiary rights conditional on Tyson removing her as the beneficiary from his policy documents. The provision that Plaintiff cites from the end of§ 6(d) of the Separation Agreement does not require that any party be removed as the beneficiary from policy documents. It states that "[each party shall execute any document required: (i) *to permit the other party* to change any beneficiary designation described hereinabove; or, (ii) to waive any right to be treated as a survivor or surviving spouse of the other party." (Ex. B ¶6(d)(emphasis added). Nothing in this provision says that either party *must* remove the other as the named beneficiary under their respective insurance policies. It only dictates that each party execute any document to allow the other party to remove them as the beneficiary, if they so desire. The actual decision to change any beneficiary designations on policy documents is left to the parties.

Plaintiff also misinterprets the provision of the Agreement by claiming it requires Tyson to remove *her* from *his* policy documents. The Agreement states the inverse that Tyson cooperate with Plaintiff if she wanted to remove *him* as beneficiary from *her* policy documents. Thus, contrary to Plaintiff's assertions, it was not a condition for waiver that Tyson remove Plaintiff from his policy documents.

6

Plaintiff is also incorrect that the waiver has no effect because she had no interest to waive at the time the Separation Agreement was executed. A party may indeed waive a future expectancy interest if that interest is sufficiently encompassed by waiver language. *See Young v. Anne Arundel County*, 807 A.2d 651, 658 (Md. 2002) (explaining that appellant waived the right to collect as beneficiary under an annuity because the waiver provision of the separation agreement sufficiently identified the annuity) and *Brewer v. Brewer*, 239 Ark. 614, 390 S.W.2d 630, 630-31 (1965) (holding that property settlement agreement, incorporated into decree, stating wife "transferred and released all her interest" in insurance policies divested wife of her beneficiary interest (emphasis added)); *Western & So. Life Ins. Co. v. Hague*, 140 N.E.2d 89, 91 (Ohio 1956) (holding wife had relinquished her right to policy proceeds where she "waived all right and interest" in any property owned by her husband). The language at issue in this Separation Agreement is even more specific, providing that "the surviving party hereby waives and relinquishes any and all rights he or she might have as beneficiary or as a surviving spouse or as a surviving former spouse or otherwise to receive the proceeds of any such life insurance or annuity policy." (Ex. B, § 6(d).) Because there is specific language in the Separation Agreement whereby Plaintiff waived any and all rights as beneficiary, the Separation Agreement encompasses any future expectancy interest that Plaintiff might have had in Tyson's life insurance policies.

Tyson's marriage to Lynette was valid but is irrelevant to the matter at hand and to Lynette as personal representative of the estate. Under Maryland law, a party may remarry once a divorce to a prior spouse is final. *See Ricketts v. Ricketts*, 903 A.2d 857, 861 (Md. 2006) (an absolute divorce "effects a complete severance of the marital bond and entitles either of the parties, or both, to remarry.). An absolute divorce is final

7

*immediately* upon issuance of the divorce order. The validity of Tyson and Lynette's marriage is irrelevant to Plaintiffs waiver of her rights as the beneficiary of Tyson's insurance policies. Because Plaintiff was the only beneficiary listed in the policies and she waived her right to collect as beneficiary pursuant to the Separation Agreement, any proceeds due from MetLife must be paid to Tyson's estate. Thus, Lynette Pajotte's marriage to Tyson has no bearing on this action and she only made a claim for the proceeds as the Personal Representative of the Estate, irrespective of the validity of her marriage to Tyson.

As to claims made by Plaintiff relating to the WMATA pension and ERISA, Defendants believe that this matter is improper under this action. Defendants are not the proper parties to this action. The facts of the instant case, has no bearing on the WMATA Pension issue.

## CONCLUSION

Because there are no dispute as to any material facts, material facts in dispute and this action is an action for interpretation of a contract, a matter of law, Defendant's Motion for Summary Judgment should be granted and the Court should declare the rights of the parties, pursuant to the terms of the Separation Agreement. The Defendants respectfully request that this Court grant Defendant's Motion for Summary Judgment and make a final determination of the rights of the parties to the insurance policy proceeds in light of the Separation Agreement entered into by the Plaintiff and the decedent.

## REQUEST FOR HEARING

The Defendant's note that there will be hearing on all pending Motions on December 6, 2017. The Defendants request that they are allowed to be heard on their Motion on that same day and time.

**Dated: November 15, 2017**

Respectfully Submitted by:
BACON, THORNTON & PALMER, LLP.

_____
Samantha Granderson, Esquire
Bacon, Thornton & Palmer, LLP
6411 Ivy Lane, Suite 500
Greenbelt, MD 20770
*Attorney for the Defendants*

9

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this  15th  day of November, 2017, a copy of the foregoing **Defendants Motion for Summary Judgment** was mailed via First Class US Mail, postage pre-paid to the following:

Jessie Lyons-Crawford
The Law Offices of Jessie Lyons Crawford
2601 Maryland Avenue
Baltimore, Maryland 21218
*Attorney for Plaintiff*

Gail L. Westover
Curtis Arnold
Eversheds Sutherland
700 Sixth Street, NW, Suite #700
Washington, DC 20001
*Attorney for MetLife*

_____
Samantha Granderson, Esquire

10