L16-40434

## IN THE MARYLAND CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

DENISE PAJOTTE
12303 Stafford Lane
Bowie, Maryland 20715

    Plaintiff,

v.

LYNETTE PAJOTTE,
Personal Representative of
The Estate of Tyson C. Pajotte, Deceased
9307 Good Luck Road
Latham, Maryland 20706

LYNETTE PAJOTTE, Individually
9307 Good Luck Road
Latham, Maryland 20706

METROPOLITAN LIFE INSURANCE
COMPANY
Group Life Claims
P.O. Box 6100
Scranton, PA 18505-6100

    Defendants.

Case No.: CAL16-40434, CAL16-43838



### DEFENDANT METROPOLITAN LIFE'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT METROPOLITAN MOTION TO DISMISS

Defendant Metropolitan ] "MetLife"), by and through undersigned counsel, replies to Plai Wallace MetLife's Motion to Dismiss as follows:

1.    MetLife filed its Motion t_____, ___ _____ond Amended Complaint for Declaratory Judgment ("SAC") on September 27, 2017.

2.    On October 19, 2017, Plaintiff filed her Response to Defendant MetLife's Motion to Dismiss ("Response" or "Resp."), three days after expiration of the time allowed under Maryland Rule 2-311. On the same day, Plaintiff also filed a Motion for Leave to File Motion for Extension

54e

of Time to Respond to the Defendant's Motion to Dismiss (filed after time had already expired), a Motion for Leave to Join Parties, a Third Amended Complaint ("TAC"), and a Motion for Leave to Modify Scheduling Order.

3. MetLife did not receive the aforementioned filings from Plaintiff and instead requested and received them from the Court on November 1, 2017.

4. Following MetLife's requests, MetLife subsequently received the filings from the Plaintiff on November 8, 2017. MetLife and Plaintiff agreed that MetLife would respond on November 22, 2017.

5. Plaintiff's Response does not substantively respond to MetLife's Motion to Dismiss and instead merely concludes without legal support that MetLife's motion was "not sufficient to allow dismissal" of the SAC. Resp. ¶ 3. Conclusory statements without more are insufficient to defeat a motion to dismiss. *See Walton v. Network Solutions*, 221 Md. App. 656, 672 n.2 (2015). MetLife's Motion to Dismiss the Second Amended Complaint should be granted.

6. Plaintiff also incorrectly states in the Response that the MTD "did not cover the issues in the TAC" and that the TAC somehow moots the MTD. Resp. ¶¶ 2, 4. First, the TAC was improperly filed. Plaintiff is required to have, but does not have, leave of court to file an amended complaint. Per the Scheduling Order, all amendments to pleadings without leave of Court were due 60 days prior to pretrial, which was May 5, 2017. Ex. A. Because there is a scheduling order in this case setting a deadline for amendments to pleadings, any further amendments to the pleadings can only be filed with leave of Court. Maryland Rule 2-341. Plaintiff did not seek leave of Court to file the TAC.

Second, in her Motion for Leave to Join Parties, Plaintiff cites a superseded version of Maryland Rule 2-341, which allowed a party to file an amendment to a pleading 15 days before a

2

scheduled trial date. This version of the rule is no longer applicable and thus Plaintiff cannot rely on it to file the TAC.

Third, even if the TAC were properly filed, because the TAC incorporates the SAC by reference and because the MTD was directed to the claims in the SAC, the MTD is not moot. Motions directed at the original pleading are only mooted if the amended pleading does not reference or incorporate the original pleading. *State Center, LLC v. Lexington Charles Ltd. P'ship*, 438 Md. 451, 514 (2014) ("an amended complaint that does not incorporate or otherwise reference a prior complaint supersedes prior complaints and becomes the operative complaint"); *MEMC Electronic Materials, Inc. v. BP Solar Intern., Inc.*, 196 Md. App. 318 (2010) (same). Here, the TAC "fully adopts and incorporates all previously filed complaints." TAC, at 2. Further, the TAC did not alter the substantive allegations of the SAC with respect to MetLife. Thus, MetLife's Motion to Dismiss is still operative and should be ruled upon by this Court.

For the foregoing reasons, and those set forth in MetLife's Motion to Dismiss the Second Amended Complaint for Declaratory Judgment, the filing of the Third Amended Complaint should be rejected and the Plaintiff's claims against MetLife should be dismissed.

Dated: November 21, 2017

Gail L. Westover
Curtis Arnold, Jr.
Eversheds Sutherland (US) LLP
700 Sixth Street, NW, Suite 700
Washington, DC 20001

*Attorneys for Defendant Metropolitan Life Insurance Company*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of November, 2017, a copy of the foregoing Reply to Plaintiff's Response to Defendant Metropolitan Motion to Dismiss was served via First Class Mail on the following:

Jessie Lyons Crawford, Esquire
Law Office of Jessie Lyons Crawford, LLC
2601 Maryland Avenue
Baltimore, MD 21218
*Attorney for Plaintiff*

Samantha Granderson, Esquire
Bacon, Thornton, & Palmer, LLP
6411 Ivy Lane, Suite 500
Greenbelt, MD 20770
*Attorney for Defendants
Lynette Pajotte and Estate of Tyson Pajotte*

Dated: November 21, 2017

_____
Curtis Arnold, Jr.
Eversheds Sutherland (US) LLP
700 Sixth Street, NW, Suite 700
Washington, DC 20001

*Attorney for Defendant Metropolitan Life Insurance Company*