**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| **DENISE PAJOTTE** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | **CASE NO.:**    **8:17-cv-03704-TDC** |
|     **v.** ) | |
| ) | |
| **WASHINGTON METROPOLITAN AREA** ) | |
| **TRANSIT AUTHORITY; ET AL.** ) | |
| ) | |
|     **Defendants.** ) | |

**DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S**
<u>**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**</u>

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Washington Metropolitan Area Transit Authority ("WMATA") moves this Honorable Court to dismiss Plaintiff's claim against WMATA with prejudice for failure to state a claim. Plaintiff's Third Amended Complaint alleges one count against WMATA: a purported violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Employee benefit plans established and maintained for employees of a state agency, however, are specifically excluded from coverage under ERISA. 29 U.S.C. § 1003. Because WMATA is an interstate compact agency treated as a state level agency, ERISA does not govern WMATA's employee benefits plans. Plaintiff's complaint against WMATA must be dismissed with prejudice.

**I.**    <u>**STANDARD OF REVIEW**</u>

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual allegations, accepted as true, which are sufficient to state a claim for relief plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations

must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*; 550 U.S. 544, 555 (2007).

## II.     ARGUMENT

WMATA is an inter-jurisdictional compact agency that is treated as a state level agency within the Fourth Circuit. *See Lizzi v. Alexander*, 255 F.3d 128, 132 (4th Cir. 2001) ("WMATA is a state agency, subject to all the benefits and liabilities of a state itself . . . It does not matter that WMATA was created by interstate compact, as opposed to being an agency of one state alone.")  Employee benefit plans established and maintained for employees of a state agency are specifically excluded from coverage under ERISA.  29 U.S.C.A. § 1003 titled "Coverage" states in relevant part:

> (b) Exceptions for certain plans
> The provisions of this subchapter **shall not** apply to any employee benefit plan if –
> (1)    such plan is a governmental plan (as defined in section 1002(32) of this title);

(emphasis added).  29 U.S.C.A. § 1002(32), in turn, states in part:

> The term "governmental plan" means a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, **or by any agency or instrumentality of any of the foregoing**.

(emphasis added).  Because any plan issued by WMATA to its employees is not subject to ERISA, Plaintiff's claims against WMATA in her Third Amended Complaint, which only allege ERISA violations, must be dismissed with prejudice. *See Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 (5th Cir. 2016) (holding the subject transit authority's plan was a "governmental plan," and exempt from ERISA); *Canady v. WMATA*, 909 F. Supp. 324, 327 (D. Md. 1995) (finding subject plan issued by WMATA was a "governmental plan," and therefore exempt from ERISA);

*Akins v. WMATA*, 729 F.Supp. 903, 905 n. 1 (D.D.C.1990) (granting summary judgment by noting WMATA is a governmental entity and therefore exempt from applicable ERISA provisions).

WHEREFORE, in consideration of the foregoing grounds, Defendant WMATA requests that the Court grant the instant motion, thereby dismissing Plaintiff's claims against WMATA with prejudice, and grant to WMATA any such other and further relief as this Court deems just and proper.

Dated: December 20, 2017

                                       Respectfully submitted,

                                       **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**

                                       */s/ M. Richard Coel*
                                       M. Richard Coel (Bar No. 18217)
                                       Office of General Counsel
                                       Washington Metropolitan Area Transit Authority
                                       600 Fifth Street, NW
                                       Washington, DC 20001
                                       T: (202) 962-6096
                                       F: (202) 962-2550
                                       E: RCoel@wmata.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was electronically served on all counsel of record via the Court's CM/ECF system.

                                     */s/ M. Richard Coel*
                                      M. Richard Coel