# IN THE UNITED STATES DISTRICT COURT OF MARYLAND
## GREENBELT DIVISION

**DENISE PAJOTTE**
12303 Stafford Lane
Bowie, Maryland 20715

     Plaintiff

v.

**LYNETTE PAJOTTE**
*In her capacity as the Administratrix*
*of the Estate of Tyson C. Pajotte*
9307 Good Luck Road
Latham, Maryland 20706

    Civil Case No.:8:17-cv-03704-TDC

**LYNETTE PAJOTTE**
*Individually*
9307 Good Luck Road
Latham, Maryland 20706

**METROPOLITAN LIFE**
**INSURANCE COMPANY**
**SERVE ON:** Resident Agent
The Corporation Trust Incorporated
351 West Camden Street
Baltimore, MD  21201

**WASHINGTON**
**METROPOLITAN AREA**
**TRANSIT AUTHORITY**
Serve: Patricia Lee, Esq., Resident
agent
600 5th Street, N.W.
Washington, D.C. 20001

**TRANSIT EMPLOYEES'**
**HEALTH & WELFARE PLAN**
*Plan Administrator*
2701 Whitney Place
Suite 10
Forestville, Maryland 20747


      D<small>EFENDANTS</small>
And

**RELIASTAR LIFE INSURANCE**
**COMPANY**
Serve: Maryland Insurance
Commissioner
200 St Paul Street, #2700
Baltimore, Maryland 21202


     I<small>NTERPLEADER</small>

---

## FOURTH AMENDED COMPLAINT FOR DECLATORY JUDGMENT AND OTHER RELIEF WITH JURY TRIAL PRAYER

**NOW COMES**, the Plaintiff by and through her undersigned counsel, JESSIE LYONS CRAWFORD, ESQUIRE and the LAW OFFICE OF JESSIE LYONS CRAWFORD, LLC and files this Fourth Amended Complaint for Declaratory Judgment and other relief and fully adopts and incorporates all previously filed Complaints in the Circuit Court for Prince Georges County, as if herein restated and states unto this Honorable Court, the following:

# JURISDICTION

1.      Denise Pajotte (hereinafter referred as "Plaintiff" or 'Denise") and is a resident of Prince George's County, Maryland.

2.      Lynette Pajotte (hereinafter referred as "Defendant Pajotte"), resides in Prince Georges, County, Maryland. At all times relevant herein, Defendant Pajotte has made claim to insurance and pension proceeds and is being sued in her individual capacity and in her capacity as "The Administratrix" of the Estate of Tyson Pajotte (hereinafter the "Estate").

3.      The Estate is located in Prince George's County, Maryland.

4.      The Divorce Decree which (the "Decree") was entered on November 2, 2006 (the "Marriage Dissolution Date") in Prince George's County, and as stated in the Divorce Decree, the Court has jurisdiction over these proceedings.

5.      Defendant Metropolitan Life Insurance Company (hereinafter referred "MetLife") is a New York Company which conducts business throughout the United States and in the State of Maryland. At all times relevant herein, MetLife was required to adhere to local, state and federal laws pertaining to insurance companies, including, but not limited to, contracting with consumers to insure or acts as a surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed with Maryland. At all times

relevant herein, MetLife issued certain polices on the life of Tyson Pajotte (hereinafter "Decedent").

6. Interpleader Defendant, Reliastar Life Insurance Company (hereinafter "RLIC") is a Texas Corporation which conducts business throughout the United States and in the State of Maryland. At all times relevant herein, RLIC was required to adhere to local, state and federal laws pertaining to insurance companies, including, but not limited to, contracting with consumers to insure or acts as a surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed with Maryland. At all times relevant herein, RLIC issued a policy of insurance on the decedent. RLIC interplead in the Circuit Court for Prince Georges County, with such interpleader being accepted by the court. All funds held by RLIC have been deposited into the Circuit Court for Prince George's County Court's registry, pending the outcome of this controversy.

7. Plaintiff brings her action against the Washington Metropolitan Area Transit Authority (hereinafter "WMATA") and Transit Employee Health and Welfare Plan (hereinafter "TEHW") as Plan Administrator, for failing to benefits in accordance with the plan.

## COUNT I-DECLARATORY JUDGMENT 28 U.S.C. §2201
### (DEFENDANTS METLIFE, PAJOTTE AND RLIC)

8.     Plaintiff incorporates the foregoing paragraphs as if herein restated for reference.

9.     This is an action for declaratory judgment pursuant to 28 U.S.C. §2201 for the purpose of determining a question of actual controversy between the parties and terminating uncertainty and controversy giving rise to this proceeding, as hereinafter more fully appears.

10.    Decedent and Plaintiff were married in civil ceremony on December 8, 1979 (the "Marriage").

11.    During their married life, the Decedent obtained the two group policies insuring his life; the insured had obtained life insurance policies ('the "Policies") from the MetLife and Voya Life Insurance Company ("Voya") now known as RLIC.

12.    In both policies, Plaintiff was the named beneficiary.

13.    The policies reserved the right of the insured to change the beneficiary named in the policies unless there had been an irrevocable designation of beneficiary. Plaintiff had not been named as an irrevocable beneficiary.

14.    Thereafter, the parties separated due to marital problems.

15.    On or around, October 26, 2006, (the "Separation Date"), Plaintiff and Decedent executed a separation agreement (the "Agreement"), which contained a

mutual waiver of marital property (the "Waiver") including each other rights in waiving any rights to the other's insurance policies.

16.    The Agreement did not speak to the right of either party to designate the other as a beneficiary in any insurance policy.

17.    The Agreement required the parties to execute the necessary documents to remove beneficiaries from the policies.

18.    Plaintiff took the necessary steps to remove the Decedent from her life insurance policies.

19.    Decedent took no steps to remove Plaintiff as beneficiary from either of his policies, including his retirement fund with WMATA.

20.    Decedent and Plaintiff divorced on November 2, 2006 and not less than twenty (20) days later, the Decedent remarried.

21.    On November 20, 2006, Decedent married Defendant Pajotte thus; her marriage to Decedent is not legal.

22.    During the period of marriage to Defendant Pajotte, Decedent did not remove Plaintiff from his insurance policies, despite numerous opportunities and invitations from MetLife and Voya to do so.

23. On July 13, 2016, the Decedent suddenly and without warning passed away. On July 30, 2016 (the "Burial Date"), the Decedent was interned.

24. Plaintiff and Defendant Pajotte both made a claim for benefits against the Life Insurance Policies.

25. Plaintiff claimed that she is entitled, because she is the named beneficiary. Decedent had the right, authority and control over the said policies and whom he would appoint as the beneficiaries named in the policies and did not remove Plaintiff as the beneficiary of the Policy, nor did he replace Plaintiff with Defendant Pajotte as the beneficiary.

26. Further, Plaintiff alleges that Decedent had twelve (12) years to change the policies, had control over the policies and had not taken any steps to remove Plaintiff as beneficiary from either policy. Moreover, the Agreement required him to take the steps. Thus, Plaintiff avers that based on the statements herein and other evidence, the Decedent intended Plaintiff to remain as beneficiary on both policies.

27. Plaintiff also asserts that she had no interest in a life insurance policy to waive. A designated beneficiary has no interest in a life insurance policy until the insured is deceased. Further, a beneficiary has no control over a policy to entitle her to say what shall be done with it, or control the change in beneficiaries, or other dealings, during the lifetime of the holder of the policy. It is only after the death of the holder that such interests or rights attach to the proceeds. Denise's

right as a beneficiary was established at the time of the Decedents death and not at the time of the agreement.

28.     Defendant Pajotte believes that Plaintiff waived her right to be designated as a beneficiary and believes that the life insurance benefit should be paid to the Estate. The Estate was not named as a beneficiary in either policy. Defendant Pajotte ignores the possibility that the Decedent did not wish to change the beneficiary of the policies, because he took no action what so ever to change the beneficiary on his policy.

29.     The Plaintiff moves this Honorable Court to decide the rights of the parties before the funds are paid to either party.

30.     Defendants' MetLife and RLIC have received claims from both parties and are withholding payment until the Court decides the issue of who is entitled to the funds. Defendant RLIC has filed an interpleader action and has deposited the insurance proceeds into the courts registry. Defendant MetLife has chosen to deposit the life insurance proceeds into the Estate.

31.     The Plaintiff made a claim to both insurance companies. MetLife denied the claim based on the incorrect representations from Defendant Pajotte that the Plaintiff waived her rights to be the beneficiary and that the funds belong to the Estate. MetLife did release the funds to the Personal Representative without notice to Plaintiff, even after having proper notice that Plaintiff was claiming an interest

in the insurance proceeds. MetLife also advised Plaintiff that it would not pay out the funds until this controversy was resolved. Plaintiff is the only beneficiary named on the policy with no changes made by the decedent.

32. Lynette is the Personal Representative of the Estate.

33. Both parties have sufficient legal interest in the outcome of the Court's decision as it will define the rights of the parties as to who is entitled to the funds.

34. Plaintiff's right as a beneficiary was established at the time of the Decedents death.

35. There exists an actual controversy of a justiciable issue between Plaintiff and Defendant Pajotte, individually and as personal representative of the Estate within the jurisdiction of this Court, involving the rights and liabilities of the parties.

36. There exists an actual controversy of a justiciable issue between Plaintiff and MetLife, within the jurisdiction of this Court, involving the rights and liabilities of the parties.

37. Antagonistic claims are present between the parties. These claims indicate imminent and inevitable litigation.

38. A declaratory judgment by this Court will terminate this controversy.

**WHEREFORE**, Plaintiff prays:

a) That this Court determines and adjudicates the rights and liabilities of the parties with respect to the allocation of the insurance benefits in which Plaintiff is the beneficiary;

b) That this Court determines if Defendant's Pajotte marriage to the Decedent is a legal marriage under the laws of the State of Maryland.

c) That this Court award Plaintiff attorneys' fees and costs of these proceedings; and

d) That this Court award Plaintiff such other and further relief as in law and justice she may be entitled to receive.

## COUNT II-BREACH OF 29 U.S.C. § 1132 (a)(1)(B)
## (METLIFE)

39. Plaintiff incorporates the aforementioned paragraphs as if herein restated for reference.

40. Pursuant to 29 U.S.C. § 1132 (a)(1)(B), Plaintiff is entitled to life insurance benefits because she is the legal beneficiary under the Tyson Pajotte policy.

41. Plaintiff has complied with her obligation to make proof of claim in accordance with the policy's requirements and she has exhausted her remedies under the policy.

42. Plaintiff is entitled to have the Court conduct a trial de novo of the issues stated herein because Defendant MetLife operated under a conflict of interest and it failed to conduct a full and fair review of Plaintiff's claims.

43. In the alternative, Defendant MetLife's decision to deny Plaintiff's benefits was arbitrary and capricious; thus without good cause.

44. Plaintiff is entitled to the life insurance benefits because MetLife's decision to not issue payment to her under the policy was not based on substantial evidence and its investigation of her claim was so flawed and self-interested that its decision to deny Plaintiff's benefits was unreasonable.

45. The life insurance plan provides that in the instance where insured, Decedent Pajotte, dies the intended beneficiary, Plaintiff, is entitled to the life insurance benefits under the policy.

46. Defendant MetLife also failed to provide a full and fair review that took into account all laws, comments, documents, records, and other information submitted to it relating to Plaintiff's rights as an intended beneficiary.

## COUNT III-REASONABLE AND NECESSARY ATTORNEYS FEES 29 U.S.C. § 1132(g)(1), (METLIFE)

47. Plaintiff incorporates the aforementioned paragraphs as if herein restated for reference.

48.     Pursuant to 29 U.S.C. § 1132(g)(1), Crawford seeks an award of his reasonable and necessary attorney's fees in connection with the prosecution of this action.

## COUNT IV- <u>DECLARATORY JUDGMENT – 28 U.S.C. §2201</u>
### (WMATA and TEHW)

49.     Plaintiff incorporates the aforementioned paragraphs as if herein restated for reference.

50.     Plaintiff has exhausted the administrative remedies under the plan when she filed her appeal of the benefits calculation by Defendant.

51.     WMATA operates one of the nation's largest transit systems. Paid advertising in trains, in and on buses, and in Metro stations reaches more than 90% of the people who live and work in the area on a daily basis. TEHW is the designated plan administrator.

52.     The Decedent was employed for a number of years as an Elevator Technician until his untimely death.

53.     The Decedent also enjoyed the benefits of being a member of Amalgated Transit Union, local 689.

54.     The Decedent and Plaintiff were married on December 8, 1979.

55.      Upon his death, the Decedent accrued pension benefits entitling him to certain monthly pension benefits, including survivor benefits for his surviving spouse or an alternate payee, through WMATA. Upon information and belief, The

Decedent elected to receive his retirement benefits in the form of a qualified joint and survivor annuity ("QJSA") that pays Tyson surviving spouse or alternate payee the same monthly retirement benefits he currently receives.

56.     After the dissolution of marriage, on August 6, 2015, a Qualified Domestic Relations Order ("QDRO") was entered in this Court, wherein the Plaintiff would receive 50% of the Decedents pension.

57.     WMATA sponsors the WMATA Employees' Retirement Plan (the "Plan").

58.     WMATA is the plan sponsor.

59.     On information and belief, TEHW is the Plan Administrator and therefore a "fiduciary" of the Plan.

58.     As the Plan Administrator, Defendant was responsible for administrating the plan, including payment to Plaintiff.

60.     As the Plan Administrator, Defendant exercises discretion and control when determining a participant's pension calculation, annuity starting date, and survivor benefits.

61.     WMATA and TEHW are fiduciaries and were acting as such when they denied plan benefits to the Plaintiff in an arbitrary and capricious manner.

62.     At the time of his death, the Decedent was fully vested under the plan.

63.	Plaintiff contacted WMATA and was advised that she was not entitled to benefits under the Plan, without any sound explanation.

64.	However, no Plan Amendments, SPD, Annual Report, SMM, Trust Agreement, Contract or Collective Bargaining Agreement was produced by the Defendants' to the Plaintiff.

65.	On information and belief, Plaintiff was entitled to a survivor annuity which would have been adjusted to reflect the increase in value of the decedent's benefit, which has not been paid out until after the date on which he would have been 70 1/2 years old.

66.	Defendants' intended to deprived Plaintiff from monies that she was legally entitled.

67.	Defendants' intentional misconduct was a substantial factor in causing Plaintiff to suffer damages.

68.	Defendants' acted with malice, oppression, and fraud when Defendants', intentionally and in conscious disregard of Plaintiff's rights, deliberately denied Plaintiff o her rightful proceeds from the plan. Accordingly, Plaintiff has and continues to suffer harm.

69.	Both parties have sufficient legal interest in the outcome of the Court's decision as it will define the rights of the parties as to who is entitled to the funds.

70. Plaintiff's right as a beneficiary was established at the time of the Decedents death.

71. There exists an actual controversy of a justiciable issue between Plaintiff and Defendant Pajotte, individually and as personal representative of the Estate within the jurisdiction of this Court, involving the rights and liabilities of the parties.

72. There exists an actual controversy of a justiciable issue between Plaintiff and Defendants', within the jurisdiction of this Court, involving the rights and liabilities of the parties.

73. Antagonistic claims are present between the parties. These claims indicate imminent and inevitable litigation.

74. A declaratory judgment by this Court will terminate this controversy.

**WHEREFORE**, Plaintiff prays:

a) That this Court determines and adjudicates the rights and liabilities of the parties with respect to the allocation of the insurance benefits in which Plaintiff is the beneficiary;

b) That this Court award Plaintiff attorneys' fees and costs of these proceedings; and

c) That this Court award Plaintiff such other and further relief as in law and justice she may be entitled to receive.

## COUNT V- <u>DECLARATORY JUDGMENT – 28 U.S.C. §2201</u>
## (PAJOTTE)

75. Plaintiff incorporates the aforementioned paragraphs as if herein restated for reference.

76. Plaintiff seeks a declaration under 28 U.S.C. §2201(a) that Plaintiff is entitled to her 50% share of the WMATA plan and that the court shall enter those payments in constructive trust for the benefit of Plaintiff.

**WHEREFORE, Plaintiff prays:**

a)    That this Court determines and adjudicates the rights and liabilities of the parties with respect to the allocation of the pension benefits in which Plaintiff is the beneficiary;

b)    That this Court award Plaintiff attorneys' fees and costs of these proceedings; and

c)    That this Court award Plaintiff such other and further relief as in law and justice she may be entitled to receive.

## COUNT VI- <u>CONSTRUCTIVE TRUST</u>
## (PAJOTTE, WMATA and ESTATE)

77. Plaintiff incorporates the aforementioned paragraphs as if herein restated for reference.

78. Defendant Pajotte has been receiving benefits from the WMATA plan that she otherwise was not entitled to receive.

79.     Defendant Estate also received $60,000 in insurance proceeds from Defendant MetLife, which they were not entitled.

80. Defendants' Pajotte and Estate were aware of, and had knowledge of, the benefits conferred upon them.

81. The Defendants' Pajotte and Estate acceptance and retention of pension and insurance benefits conferred a benefit upon which made it inequitable for it to retain these benefits. The Defendants' Pajotte and Estate have been unjustly enriched by obtaining property rightfully belonging to Plaintiff.

WHEREFORE, Plaintiff prays:

a)     That this Court charge upon Defendants' a constructive trust of the MetLife and WMATA benefit of Plaintiff;

b)     Order Defendants WMATA, Pajotte and Estate as constructive trustees to convey all of rights, and interest in the WMATA  and MetLife plans to Plaintiff; and

c)     That this Court award Plaintiff attorneys' fees and costs of these proceedings; and

d)     That this Court award Plaintiff such other and further relief as in law and justice she may be entitled to receive.

## COUNT VII- UNJUST ENRICHMENT
### (PAJOTTE and ESTATE )

82. Plaintiff incorporates the aforementioned paragraphs as if herein restated for reference.

83. Defendant Pajotte has been receiving benefits from the WMATA plan that she otherwise was not entitled to receive.

84. Defendants' also received $60,000 in insurance proceeds from Defendant MetLife, which they were not entitled.

85. Defendants' were aware of, and had knowledge of, the benefits conferred upon them.

86. The Defendants' acceptance and retention of pension and insurance benefits conferred a benefit upon which made it inequitable for it to retain these benefits.

**WHEREFORE**, Plaintiff respectfully request judgment against the Defendant for an amount of $500,000, plus attorney's fees and cost.

Denise Pajotte
Plaintiff

Respectfully Submitted,

THE LAW OFFICES OF JESSIE LYONS
 CRAWFORD, LLC

/s/ Jessie Lyons Crawford
_____
**JESSIE LYONS CRAWFORD,** **Esq.**

**COUNSEL TO PLAINTIFF**
Federal Bar No.: 25247
2601 Maryland Avenue

Baltimore, Maryland 21218
410-662-1230
F: 410-662-1238
E. attorneyjlcrawford@verizon.net

## **JURY TRIAL PRAYER**

Plaintiff prays a jury trial on all counts triable by jury.

/s/ Jessie Lyons Crawford

_____
**JESSIE LYONS CRAWFORD,Esq.,**
**COUNSEL TO PLAINTIFF**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that to the best of my knowledge, information, and belief that on this 27th day of December, 2017, a copy of the forgoing FOURTH AMENDED COMPLAINT FOR DECLARATORY JUDGMENT was served in accordance with the Court's ECF Filing Notice System to:

Samantha Granderson, Esquire
BACON, THORNTON, & PALMER, LLP
6411 Ivy Lane, Suite 500
Greenbelt, MD 20770
Attorney for the Defendants
Lynette Pajotte and Estate of
Tyson Pajotte
*Via Electronic Notice*

Gail L. Westover, Esquire
Gerin Brendan Ballard, Esquire
EVERSHEDS SUTHERLAND
700 Sixth Street, NW, Suite 700
Washington, DC 20001
*Via Electronic Notice*

M. Richard Coel, Esquire
Office of General Counsel
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
600 Fifth Street, NW
Washington, DC 20001
*Via Electronic Notice*

Jim Carbine, Esquire
JAMES E. CARBINE, P.C.
711 W. 40th Street
The Rotunda, Suite 356
Baltimore, Maryland  21211
Attorney for Reliastar Insurance

*Via First Class Mail Postage Prepaid*

/s/ Jessie Lyons Crawford

**_____**
**JESSIE LYONS CRAWFORD, Esq.**
**COUNSEL TO PLAINTIFF**