**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| **DENISE PAJOTTE** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | )    **CASE NO.:    8:17-cv-03704-TDC** |
|     **v.** | ) |
| | ) |
| **LYNETTE PAJOTTE; ET AL.** | ) |
| | ) |
|     **Defendants.** | ) |

**DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S**
**<u>MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE</u>**

Pursuant to Fed. R. Civ. P. 15, and Local Rule 103(6) Defendant Washington Metropolitan Area Transit Authority ("WMATA") moves this Honorable Court to strike Plaintiff's Fourth Amended Complaint for failing to obtain leave of court prior to filing. In support thereof, WMATA states as follows:

1. Plaintiff initiated this action in state court on or about November 9, 2016. (ECF 2).

2. Plaintiff filed her Amended Complaint in the Circuit Court for Prince George's County on or about January 4, 2017. (ECF 10). This amendment was accomplished as a matter of right under the Maryland Rules.

3. Plaintiff filed her Second Amended Complaint in the Circuit Court for Prince George's County on or about August 14, 2017. (ECF 27).

4. Plaintiff filed her Third Amended Complaint in the Circuit Court for Prince George's County on or about October 19, 2017. (ECF 36).

5. In the Circuit Court for Prince George's County on or about November 21, 2017, Defendant Metropolitan Life Insurance Company filed a Motion to Strike Plaintiff's Third

Amended Complaint in substantial part because Plaintiff failed to seek leave of court prior to filing.  (ECF 47).

6.      Plaintiff attempted to file her Fourth Amended Complaint in this Court on December 27, 2017.  (ECF 71).

7.      Fed. R. Civ. P. 15(a) requires the opposing parties' written consent or the court's leave in cases where amendment has already been made as a matter of right.

8.      "Once the notice of removal has been effectively filed in both courts, the federal court takes the case in the posture in which it departed the state court, treating everything done in the state court as if it had been done in federal court."  *Holmes v. AC & S, Inc.*, 388 F. Supp. 2d 663, 667 (E.D. Va. 2004).

9.      Following removal, leave of court is required to amend a complaint in a civil action where a plaintiff has previously amended her complaint as a matter of right in state court. *See Whitehead v. Viacom*, 233 F.Supp.2d 715, 719 (D.Md. 2002) (granting motion to strike where plaintiff amended once as a matter of right in state court).

10.     Plaintiff failed to seek consent from Defendants and failed to obtain leave of court prior to filing her Fourth Amended Complaint in violation of Fed. R. Civ. P. 15 and Local Rule 103(6).  The filing of Plaintiff's Fourth Amended Complaint violates procedure and should therefore be stricken from record of this case.

WHEREFORE, in consideration of the foregoing grounds, Defendant WMATA requests that the Court grant the instant motion, thereby striking Plaintiff's Fourth Amended Complaint (ECF 71) from the record of this case, and grant to WMATA any such other and further relief as this Court deems just and proper.

Dated: December 28, 2017

Respectfully submitted,

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**

  */s/ M. Richard Coel*
M. Richard Coel (Bar No. 18217)
Office of General Counsel
Washington Metropolitan Area Transit Authority
600 Fifth Street, NW
Washington, DC 20001
T: (202) 962-6096
F: (202) 962-2550
E: RCoel@wmata.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically served on all counsel of record via the Court's CM/ECF system.

  */s/ M. Richard Coel*
M. Richard Coel