**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DENISE PAJOTTE<br><br>Plaintiff,<br><br>v.<br><br>LYNETTE PAJOTTE, et al<br><br>Defendants. | Case No.: 8:17−cv−03704−TDC<br>Judge Theodore D. Chuang |

**DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND/OR ITS MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Defendant Metropolitan Life Insurance Company ("MetLife"), by and through undersigned counsel, hereby files this reply in support of its motion to dismiss Plaintiff's Second Amended Complaint for Declaratory Judgment and/or its motion to dismiss Plaintiff's Third Amended Complaint for Declaratory Judgment.[1] Plaintiff's claims against MetLife should be dismissed as a matter of law based on the clear and unambiguous terms of the Separation and Property Settlement Agreement ("Separation Agreement") between Plaintiff Denise Pajotte ("Plaintiff") and her ex-husband Tyson Pajotte ("Tyson") in which Plaintiff waived her future rights as a beneficiary of Tyson's MetLife life insurance policy.

[1] On December 27, 2017, Plaintiff filed a Fourth Amended Complaint (Doc. 71) without leave of court. MetLife plans to separately move to strike and/or dismiss the Fourth Amended Complaint.

**BACKGROUND**

On August 14, 2017, Plaintiff filed the Second Amended Complaint (Doc. 27) for Declaratory Judgment in the Circuit Court for Prince George's County, Maryland, adding MetLife as a defendant. On September 27, 2017, MetLife filed a motion to dismiss (Doc. 34) the Second Amended Complaint. Instead of substantively responding to MetLife's motion to dismiss the Second Amended Complaint, on October 19, 2017, Plaintiff filed: (1) a Third Amended Complaint (Doc. 36) without leave of court, adding the Washington Metropolitan Area Transit Authority ("WMATA") as a defendant; and (2) a response (Doc. 38) to MetLife's motion to dismiss requesting that the motion be denied as moot because new issues and parties had been added in the Third Amended Complaint. On November 21, 2017, MetLife filed a motion to strike (Doc. 47) the Third Amended Complaint as procedurally improper because leave was required under both Maryland Rule 2-341 and the court's January 19, 2017 Scheduling Order. In an abundance of caution, MetLife also filed a motion to dismiss (Doc. 49) the Third Amended Complaint on the same legal grounds set forth in its motion to dismiss the Second Amended Complaint. On December 8, 2017, Plaintiff filed a response (Doc. 60) to MetLife's motion to dismiss the Third Amended Complaint despite the fact that she never filed a substantive response to the Second Amended Complaint. On December 14, 2017 WMATA filed a notice of removal (Doc. 61) of the case to this Court. Pursuant to Local Rule 103.5(b), MetLife hereby files a reply in support of its motion to dismiss the Second Amended Complaint or, in the event Plaintiff is granted leave, in support of its motion to dismiss the Third Amended Complaint.[2]

[2] For ease of reference, MetLife hereinafter refers to the Second and Third Amended Complaints as the "Complaint."

# ARGUMENT

## I. The Court Should Dismiss the Claims Against MetLife Based on the Clear and Unambiguous Terms of the Separation Agreement.

Contrary to Plaintiff's assertion in her response brief, the Court can properly rule on MetLife's motion to dismiss without converting it to a motion for summary judgment. (Doc. 60 at 7-9.) Federal Rule of Civil Procedure 10(c) provides that "an exhibit to a pleading is a part of the pleading for all purposes," and courts may consider exhibits attached to the complaint when ruling on a motion to dismiss without converting it to a motion for summary judgment. *See Philips v. Pitt County Mem'l Hosp*., 572 F.3d 176, 180 (4th Cir. 2009) (holding a court may "consider documents attached to the complaint . . . so long as they are integral to the complaint and authentic."); *Brown v. Bank of America, N.A.,* No. AW–10–cv–1661, 2012 WL 380145, at *6 (D. Md. Feb. 3, 2012) (holding complaint and exhibits "are not considered outside the pleadings"). The Separation Agreement, which governs Plaintiff's rights in this case, is attached as Exhibit B to both the Second Amended Complaint and the Third Amended Complaint. Therefore, the Court can dismiss the Complaint based on its legal interpretation of the Separation Agreement. *See PaineWebber Inc. v. East*, 768 A.2d 1029, 1031 (2001) ("Interpretation of the unambiguous separation agreement . . . is a question of law for the court.").

Even if the Court were to convert MetLife's motion to dismiss to a motion for summary judgment, it can and should enter summary judgment in MetLife's favor based on the clear and unambiguous terms of the Separation Agreement. "The written language embodying the terms of an agreement will govern the rights and liabilities of the parties, irrespective of the intent of the parties at the time they entered into the contract, unless the written language is not susceptible of a clear and definite understanding." *PaineWebber*, 768 A.2d at 1032. Thus, any "other evidence" on which Plaintiff relies to argue that Tyson "intended Plaintiff to remain as

beneficiary" (Doc. 60 at 6) is irrelevant and inadmissible. *See Thomas v. Capital Med. Mgmt. Assocs., Inc.*, 985 A.2d 51, 64 (2009) (holding parol evidence is admissible only if there is ambiguity in the contract); *Higgins v. Barnes*, 530 A.2d 724, 726 (1987) ("[P]arol evidence is inadmissible to vary, alter, or contradict a contract that is complete and unambiguous.").

## II. The Waiver Language in the Separation Agreement Is Sufficiently Specific Under Maryland Common Law to Effect a Wavier of Plaintiff's Interest in the Proceeds of Tyson's MetLife Life Insurance Policy.

Plaintiff concedes that, under Maryland law, a party can waive his or her right to collect proceeds as a beneficiary under a life insurance policy through a separation agreement. (Doc. 60 at 9-11.) Plaintiff, however, argues that, under the relevant case law, the language of the Separation Agreement between Plaintiff and Tyson is too "general in nature" to be "enforceable on the Plaintiff." (*Id.* at 10-11.) Plaintiff's analysis is flawed because the language she relies on in the cases she cites pertain to facts the courts did not find dispositive. Plaintiff also misunderstands the legal nature and significance of a future expectancy interest as compared with a property interest existing at the time a contract is formed. As more fully discussed below, if a party does not yet have an interest in property at the time of an agreement, he or she cannot waive his or her current interest in that property. A party can, however, waive a future interest arising out of a future event if the agreement so specifies, *i.e.*, the right to life insurance proceeds that arises upon the death of an ex-spouse. Thus, in this case, contrary to Plaintiff's argument, Maryland law required Plaintiff to specify in the Separation Agreement that she was waiving her *future* right to proceeds of Tyson's life insurance policy, but it did not require her to list the life insurance policy's certificate number or similar identifying information in the Separation Agreement.

Plaintiff asserts that this case is analogous to *PaineWebber*, where the court found a "general waiver provision" insufficient to amount to a waiver of the ex-wife's survivorship interest in her ex-husband's IRA. (Doc. 60 at 10) (citing *PaineWebber Inc. v. East*, 768 A.2d 1029 (Md. 2001)). To the contrary, the facts of *PaineWebber* are distinguishable from this case, and the *PaineWebber* court's analysis supports a finding in this case that the waiver language in the Separation Agreement is legally sufficient to waive Plaintiff's interest in the proceeds of her ex-husband's MetLife life insurance policy.

In *PaineWebber*, the separation agreement stated that the ex-wife "waives . . . any legal right as a spouse to participate as a payee or beneficiary regarding any interests in any . . . retirement or deferred income plan." 768 A.2d at 1033-34. The Court of Special Appeals held that this language was insufficient to effect a waiver of the ex-wife's rights as a beneficiary of the East IRA because "it wholly failed to mention the waiver of any survivorship interest or future expectancy." 748 A.2d 1082, 1089 (Md. Ct. App. 2000). The Court explained that "since [the ex-wife] had no property interest in the East IRA when she executed the [a]greement, she could not have quit claimed her property interest in the East IRA because she had none, she had only an expectancy. Absent some specific language evidencing her intent to waive such an interest, we conclude that a general property waiver provision does not accomplish a waiver of an expectancy interest." *Id.* at 1088, *aff'd*, 768 A.2d 1029 (Md. 2001) ("The Agreement simply did not embrace Carol's expectancy interest as the named beneficiary of the East IRA."). Unlike the agreement in *PaineWebber*, the Separation Agreement in this case clearly and specifically sets forth the waiver of a future expectancy when it states that Plaintiff "waives and relinquishes any and all rights . . . she might have *as beneficiary or as a surviving spouse or as a surviving former spouse* or otherwise to receive the proceeds of any such life insurance or annuity policy."

(Compl., Ex. B § 6(d).) [3] Therefore, Plaintiff waived her right to receive the proceeds of Tyson's MetLife life insurance policy under Maryland law.

Plaintiff also misses the mark with respect to the Court of Special Appeals' decision in *Young v. Anne Arundel Cty.*, 807 A.2d 651 (Md. Ct App. 2002). Plaintiff quotes the court's summary of the appellant's argument in *Young* to support her position that a waiver provision must identify "the specific account" to be effective. This was not the *Young* court's holding. Rather, consistent with its prior decision in *PaineWebber*, the Court of Special Appeals stated that a waiver provision must "specifically identify the future expectancy." *Id.* at 688. The *Young* court held that language stating that the ex-wife "waives *any interest* of any nature thereunder in those accounts" was sufficient to encompass a waiver of her survivorship rights to her ex-husband's annuity. *Id.* at 689. As compared with *Young*, the waiver language in this case even more clearly and specifically identifies the future expectancy at issue because it states that Plaintiff "waives . . . all rights . . . as a beneficiary or as a surviving spouse or as a surviving former spouse or otherwise to receive the proceeds of any such life insurance or annuity policy." (Compl., Ex. B § 6(d).)

## III. MetLife Was Contractually and Legally Required to Pay the Life Insurance Proceeds to Tyson's Estate.

Assuming Plaintiff waived her right to receive the proceeds of Tyson's MetLife life insurance policy, both the Separation Agreement and Maryland law required MetLife to pay the proceeds to Tyson's estate. (Compl., Ex. B § 6(d)) ("the surviving party does hereby irrevocably assign any rights he or she might have to receive such proceeds, benefits or amounts payable to

[3] To the extent *Cassiday v. Cassiday*, 259 A.2d 299 (Md. 1969), is relevant at all, it is on the other end of the spectrum from this case because the separation agreement in *Cassiday* did not include any waiver language. It merely provided that "the wife hereby covenants and agrees that all the personal property now in the possession of the husband shall be his sole and separate property." *Id.* at 300.

the estate of the deceased part."); *see also PaineWebber*, 768 A.2d at 1037 (explaining that where beneficiary designation blank on the change of beneficiary form, estate would be the beneficiary of decedent's IRA); *Meinhardt v. Meinhardt*, 83 A. 715, 718 (Md. 1912) (holding if the designation of beneficiaries fails in an insurance policy, the recipient should be the personal estate and funds distributed by rules of intestacy); *Urquhart v. Alexander & Alexander, Inc.*, 147 A.2d 213, 220 (Md. 1958) ("We find no cases in this State presenting the question as to who shall collect where no beneficiary is designated and the policy does not cover such a contingency…[T]he fund belongs to the insured's estate and the executor or administrator can collect. No other view is possible.").

Plaintiff has not and cannot refute this legal conclusion. Plaintiff instead attempts to distinguish *PaineWebber*, *Meinhardt*, and *Urquhart* on the ground that the waiver of rights or other facts supporting a finding that there was no valid beneficiary in those cases was clearer than the waiver in the present case. These facts, however, have no bearing on the law in Maryland that, in the absence of a valid named beneficiary (no matter the reason), life insurance "funds belong[] to the insured's estate." *Urquhart*, 147 A.2d at 220. Accordingly, if the Court determines as a matter of law that the waiver language in the Separation Agreement was sufficiently specific to effect a waiver of Plaintiff's interest in the MetLife life insurance proceeds as set forth above, the Court can and should dismiss the Complaint without engaging in any analysis related to MetLife's actions and intent.[4]

[4] Although beyond the scope of MetLife's motion to dismiss, MetLife would like to correct Plaintiff's mischaracterizations of MetLife actions for the record. MetLife sent Plaintiff's counsel a letter stating that it had placed a restraint on any distribution of benefits that would "remain in place until further order from the court," in response to Plaintiff's counsel forwarding to MetLife Plaintiff's petition to remove Lynette Pajotte as the personal representative of Tyson's estate, which was filed in the Orphan's Court for Prince George's County, Maryland on October 6, 2017. (Compl., Ex. C.) It was only after receiving the court's order denying

## CONCLUSION

For these reasons and for those reasons more fully set forth in MetLife's September 27, 2017 motion to dismiss the Second Amended Complaint and memorandum of law, MetLife respectfully requests that the Court dismiss this action with prejudice for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: December 28, 2017

/s/ Brendan Ballard

G. Brendan Ballard (Bar No. 17947)
Gail L. Westover
EVERSHEDS SUTHERLAND (US) LLP
700 Sixth Street, N.W., Suite 700
Washington, DC 20001-3980
(202) 383-0100 (telephone)
(202) 637-3593 (facsimile)
brendanballard@eversheds-sutherland.com
gailwestover@eversheds-sutherland.com

*Attorneys for Defendant Metropolitan Life Insurance Company*

Plaintiff's motion to remove Lynette Pajotte as the personal representative of Tyson's estate that MetLife distributed the life insurance proceeds to Tyson's estate.

**CERTIFICATE OF SERVICE**

I hereby by certify that, on this 28th day of December, 2017, I caused a copy of the foregoing Reply to be served on all counsel of record via the CM/ECF system.

Dated: December 28, 2017

/s/ Brendan Ballard
G. Brendan Ballard (Bar No. 17947)

*Attorney for Defendant Metropolitan Life Insurance Company*