

# The Law Offices of
# Jessie Lyons Crawford, LLC

2601 MARYLAND AVENUE

BALTIMORE, MARYLAND 21218

OFFICE: 410-662-1230
FACSIMILE 410-662-1238

www.generalpracticelawbaltimore.com

JESSIE LYONS CRAWFOD, ESQ.
*LICENSED IN MARYLAND

**JESSIE LYONS CRAWFORD, ESQUIRE**
Direct Dial: 410-662-1230
Email: attorenyjlcrawfordlaw@verizon.net

January 3, 2018

**VIA ELECTRONIC FILING**
The Honorable Theodore D. Chaung
United States District Judge
United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

RE: Pajotte v. Pajotte, *et al*., Case Number: 8:17 cv 03704 TDC
**Notice of Intent to File a Motion for Leave to File an Amended Complaint**

Dear Judge Chaung,

I am filing this correspondence (the "Correspondence") in compliance with your December 29, 2017 Order ("Order"), requiring counsel to file a notice of intent as to motions for your consideration. The Plaintiff now informs the Court that she intends to file a Motion for Leave to File an Amended Complaint (the "Motion") and for reasons state as follows:

The Plaintiff recently learned that Defendant Washington Metropolitan Area Transit Authority ("WMATA") began paying retirement funds to Defendant Lynette Pajotte ("Defendant Pajotte") that rightfully is due and owing to the Plaintiff. The Plaintiff was listed as the beneficiary and WMATA disregarded the designation, in direct contradiction of its fiduciary obligations to Plaintiff. Moreover, there is some suggestion that the Tyson Pajotte (the "decedent") removed the Plaintiff as the beneficiary, however, no notice was ever provided to the Plaintiff that such change took place. Further, the Plan Administrator, Transit Employees Health and Welfare Plan (the "TEHWP"), will be added as a party because they are an essential party. Furthermore, on information and belief, Plaintiff was entitled to a survivor annuity which would have been adjusted to reflect the increase in value of the decedent's benefit, which has not been paid out until after the date on which he would have been 70 1/2 years old

The Decedent and Plaintiff were married in civil ceremony on December 8, 1979 (the "Marriage"). During their married life, the Decedent obtained the two group policies insuring his life; the insured had obtained life insurance policies ('the "Policies") from the MetLife and Voya Life Insurance Company ("Voya") now known as RLIC. In both policies, Complainant was the named beneficiary. The policies reserved the right of the insured to change the beneficiary named in the policies unless there had been an irrevocable designation of beneficiary. Complainant had not been named as an irrevocable beneficiary. In addition, the Decedent had several retirement plans for which the Plaintiff was listed as beneficiary.

THE LAW OFFICES OF
JESSIE LYONS CRAWORD, LLC



Thereafter, the parties separated due to marital problems. On or around, October 26, 2006, (the "Separation Date"), Complainant and Decedent executed a separation agreement (the "Agreement"), which contained a mutual waiver of marital property (the "Waiver") including each other rights in waiving any rights to the other's insurance policies. The Agreement did not speak to the right of either party to designate the other as a beneficiary in any insurance policy in the future.

Decedent and Complainant divorced on November 2, 2006 (the "Divorce Date") and not less than twenty (20) days later, the Decedent remarried. On November 20, 2006, Decedent married Defendant Pajotte (the "Administratrix"). During the period of marriage to the Administratrix, Decedent did not remove Plaintiff from his insurance policies, despite numerous opportunities and invitations from MetLife and Voya to do so. Prior to the Decedent's death, he executed a Qualified Domestic Relations Order ("QDRO") addressing how WMATA should distribute his benefits in the event of a triggering event, such as his retirement and or his death. On July 13, 2016,("Date of Death"), the Decedent suddenly and without warning passed away. On July 30, 2016 (the "Burial Date"), the Decedent was interned.

On November 9, 2016, the Complainant filed suit against in the Circuit Court for Prince George's County against the Administratrix, for declaratory relief. Consequently, on October 19, 2017, Plaintiff filed a Third-Amended Complaint ("TAC"), adding WMATA as a Defendant. The Defendant was served and timely removed the matter to this Court. Prior to removal, the parties, other than the Defendant WMATA, agreed to modify the Scheduling Order and request additional dates.

Plaintiff believes and therefore avers that an Amended Complaint would not be futile, does not prejudice any Defendant and would serve the ends of justice in this case. Plaintiff, by the operation of the Federal Rules of Civil Procedure ("FRCP"), is [g]uaranteed as an absolute right to amend her complaint [o]nce any time before the time before the Defendant has filed an answer. See FRCP 15(a) and *Am. Bush v. City of South Salt Lake*, 42 Fed. Appx. 308, 310, 2002 WL 1443474 at *1 (10th Cir. 2002), which held that "Rule 15(a) "guarantees a plaintiff an absolute right to amend its complaint once at any time before the defendant has filed a responsive pleading."). The Defendant WMATA and TEHWP never filed an a responsive pleading below, thus, Plaintiff believes that leave of Court may not be required, however, out of an abundance of caution would like to request same. The *Am Bush* court also found that "the removal petition did not serve to cut off plaintiffs' right to amend their complaint once as a matter of course".

It is axiomatic that this court should freely give leave when justice so requires. "[L]eave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Foster v. Wintergreen Real Estate, Co.,* 363 Fed. Appx. 269, 2010 WL 325959, at *6 (4th Cir. 2010). This rule favors resolving cases on their merits. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).


   In light of the foregoing, Plaintiff respectfully request leave of the Court to file leave to file an amended complaint.

             Very truly yours,

             **THE LAW OFFICES OF**
              **JESSIE LYONS CRAWORD, LLC**

             /s/ Jessie Lyons Crawford
             _____

             Jessie Lyons Crawford, Esq.
             Attorney for Plaintiff

cc:  Counsel for Defendants
    Counsel for Interpleader