Eversheds Sutherland (US) LLP
700 Sixth Street, NW, Suite 700
Washington, DC 20001-3980

D: +1 202.383.0820
F: +1 202.637.3593

brendanballard@
eversheds-sutherland.com

January 5, 2018

The Honorable Theodore D. Chuang
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

Re: *Pajotte v. Pajotte, et al.*, Case No. 8:17-cv-03704-TDC
Defendant Metropolitan Life Insurance Company's Notice of Intent to File Motion to Strike and/or Dismiss Plaintiff's Fourth Amended Complaint

Dear Judge Chuang:

Defendant Metropolitan Life Insurance Company ("MetLife") intends to file a motion to strike and/or dismiss Plaintiff's Fourth Amended Complaint. This case concerns a former spouse seeking to collect on the life insurance policy of her deceased ex-husband despite having waived her right to be the beneficiary when they divorced over a decade earlier.

During the time Plaintiff and her ex-husband Tyson Pajotte ("Tyson") were married, Tyson obtained a life insurance policy issued by MetLife and named Plaintiff as the beneficiary of the policy. When Plaintiff and Tyson ended their marriage, they executed a Separation and Property Settlement Agreement ("Separation Agreement") in which Plaintiff affirmatively waived and relinquished all rights as the beneficiary of Tyson's MetLife policy. After Tyson's death, Plaintiff made a claim to MetLife for the policy proceeds. MetLife relied in good faith on the Separation Agreement and applicable Maryland law to deny payment to Plaintiff and to instead make payment to Defendant Lynette Pajotte ("Lynette"), as personal representative of Tyson's estate.

On November 9, 2016, Plaintiff filed an action for a declaratory judgment against Lynette (Doc. 2) in the Circuit Court for Prince George's County, Maryland, seeking to have the court name Plaintiff as the beneficiary of Tyson's life insurance policies. On August 14, 2017, Plaintiff filed a Second Amended Complaint (Doc. 27), joining MetLife as a defendant. Because MetLife already paid the life insurance proceeds to the estate relying in good faith on the parties' Separation Agreement and Maryland law, it moved to dismiss (Doc. 34) the Second Amended Complaint. Instead of substantively responding to MetLife's motion to dismiss, on October 19, 2017, Plaintiff filed: (1) a Third Amended Complaint (Doc. 36) without leave of court, adding the Washington Metropolitan Area Transit Authority ("WMATA") as a defendant; and (2) a response (Doc. 38) to MetLife's motion to dismiss requesting that the motion be denied as moot because new issues and

Eversheds Sutherland (US) LLP is part of a global legal practice, operating through various separate and distinct legal entities, under Eversheds Sutherland. For a full description of the structure and a list of offices, please visit www.eversheds-sutherland.com.

39982403.1

parties had been added in the Third Amended Complaint. On November 21, 2017, MetLife filed a motion to strike (Doc. 47) the Third Amended Complaint as procedurally improper because leave was required under both Maryland Rule 2-341 and the court's January 19, 2017 Scheduling Order. In an abundance of caution, MetLife also filed a motion to dismiss (Doc. 49) the Third Amended Complaint on the same legal grounds set forth in its motion to dismiss the Second Amended Complaint. On December 8, 2017, Plaintiff filed a response (Doc. 60) to MetLife's motion to dismiss the Third Amended Complaint despite the fact that she never filed a substantive response to the motion to dismiss the Second Amended Complaint. On December 14, 2017 WMATA removed the case (Doc. 61) to this Court. Pursuant to Local Rule 103.5(b), on December 28, 2017, MetLife filed a reply in support of its motion to dismiss the Second Amended Complaint and/or the Third Amended Complaint.

On December 27, 2017, Plaintiff filed a Fourth Amended Complaint without leave of court, adding two new claims against MetLife. MetLife intends to file a motion to strike and/or dismiss Plaintiff's Fourth Amended Complaint because it is procedurally improper and fails to state a claim upon which relief can be granted.

I. MetLife's Motion to Strike the Fourth Amended Complaint

MetLife intends to move, pursuant to Federal Rule of Civil Procedure 15 and Local Rule 103(6), to strike Plaintiff's Fourth Amended Complaint for failing to obtain leave of court prior to filing. Federal Rule of Civil Procedure 15(a) requires the opposing parties' written consent or the court's leave in cases where amendment has already been made as a matter of right. "Once the notice of removal has been effectively filed in both courts, the federal court takes the case in the posture in which it departed the state court, treating everything done in the state court as if it had been done in federal court." *Holmes v. AC & S, Inc.*, 388 F. Supp. 2d 663, 667 (E.D. Va. 2004). Following removal, leave of court is required to amend a complaint in a civil action where a plaintiff has previously amended her complaint as a matter of right in state court. *See Whitehead v. Viacom*, 233 F.Supp.2d 715, 719 (D. Md. 2002) (granting motion to strike where plaintiff amended once as a matter of right in state court). Plaintiff failed to seek consent from Defendants and failed to obtain leave of court prior to filing her Fourth Amended Complaint in violation of Federal Rule of Civil Procedure 15 and Local Rule 103(6).

II. MetLife's Motion to Dismiss the Fourth Amended Complaint

MetLife intends to move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Fourth Amended Complaint for failure to state a claim upon which relief can be granted. As MetLife pointed out in its two prior motions to dismiss, which have not yet been ruled upon, Plaintiff explicitly and intentionally waived her rights as beneficiary of Tyson's MetLife life insurance policy when she agreed in the Separation Agreement that she "waives and relinquishes any and all rights . . . she might have as beneficiary or as a surviving spouse or as a surviving former spouse or otherwise to receive the proceeds of any such life insurance or annuity policy[.]" Doc. 2-1, § 6(d).

The language in the Separation Agreement pertaining to Plaintiff's waiver is clear and unambiguous, and therefore any "other evidence" on which Plaintiff relies to argue that Tyson "intended Plaintiff to remain as beneficiary" (Doc. 60 at 6) is irrelevant and inadmissible. *See PaineWebber Inc. v. East*, 768 A.2d 1029, 1032 (Md. 2001) ("The written language embodying the terms of an agreement will govern the rights and liabilities of the parties, irrespective of the intent of the parties at the time they entered into the contract, unless the written language is not susceptible of a clear and definite understanding."); *Thomas v. Cap. Med. Mgmt. Assocs., Inc.*, 985 A.2d 51, 64 (2009) (holding parol evidence is admissible only if there is ambiguity in the contract).

Moreover, a party may waive a future expectancy interest if that interest is sufficiently encompassed by the waiver language. *See PaineWebber*, 748 A.2d 1082, 1088 (Md. Ct. App. 2000), *aff'd*, 768 A.2d 1029 (Md. 2001) (language that specifies the waiver of a "survivorship interest or future expectancy" is sufficient to effect a waiver of an ex-spouse's rights as a beneficiary); *Young v. Anne Arundel County*, 807 A.2d 651, 688-89 (Md. Ct. App. 2002) (holding that ex-wife waived right to collect as beneficiary under an annuity because the separation agreement's waiver provision "specifically identif[ied] the future expectancy."). Because there is specific language in the Separation Agreement whereby Plaintiff waived any and all rights as a beneficiary of Tyson's life insurance policies, the Separation Agreement encompasses any future expectancy interest that Plaintiff had in Tyson's MetLife policy.

Finally, in light of Plaintiff's waiver of her right to receive the proceeds of Tyson's MetLife policy, both the Separation Agreement and Maryland law required MetLife to pay the proceeds to Tyson's estate. Doc. 2-1 § 6(d) ("the surviving party does hereby irrevocably assign any rights he or she might have to receive such proceeds, benefits or amounts payable to the estate of the deceased part"); *see also PaineWebber*, 768 A.2d at 1037 (holding that where beneficiary designation blank on the change of beneficiary form, estate would be the beneficiary of decedent's IRA); *Meinhardt v. Meinhardt*, 83 A. 715, 718 (Md. 1912) (holding if the designation of beneficiaries fails in an insurance policy, the recipient should be the personal estate and funds distributed by rules of intestacy); *Urquhart v. Alexander & Alexander, Inc.*, 147 A.2d 213, 220 (Md. 1958) ("We find no cases in this State presenting the question as to who shall collect where no beneficiary is designated and the policy does not cover such a contingency…[T]he fund belongs to the insured's estate and the executor or administrator can collect. No other view is possible.").

The undersigned counsel conferred with Plaintiff's counsel regarding MetLife's intent to move to strike and/or dismiss the Fourth Amended Complaint and she indicated that Plaintiff intends to oppose any such motion.

Sincerely,

Brendan Ballard