# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

DENISE PAJOTTE

**PLAINTIFF**

V.                                                   Civil Case No.:8:17-cv-03704

LYNETTE PAJOTTE, *et al*

**DEFENDANT**

## TABLES OF AUTHORITY

**Cases**

*Am. Bush v. City of South Salt Lake,* 42 Fed. Appx. 308, 310, 2002 WL 1443474 at *1 (10th Cir. 2002)..................................................................................................................... 7

*Coral v. Gonse*, 330 F.2d 997, 998 (4th Cir.1964). ................................................... 8

*Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980)................................ 8

*Domino Sugar Corp. v. Sugar Workers Local* 392, 10 F.3d 1064, 1068 n. 1 (4th Cir.1993)......... 6

*Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999)................................ 8

*Foman v. Davis*, 371 U.S. 178, 182 (1962), .............................................................. 8

*Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010) ............................................. 9

*GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir.2001)................. 11

*Green v. Mansour,* 474 U.S. 64, 72 (1985)............................................................... 10

*Harless v. CSX Hotels, Inc*., 389 F.3d 444, 447 (4th Cir. 2004)................................... 9

*Holmes* .................................................................................................................... 7

*Holmes v. AC & S, Inc*., 388 F. Supp. 2d 663, 667 (E.D. Va. 2004), at *668* ................. 7

*Laber v.Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) .................................................. 8

*Lyon v.Campbell,* 33 F. App'x 659, 663 (4th Cir. 2002).............................................. 12

*Mass Transit Admin. v. Granite Constr. Co.,* 57 Md. App. 766, 773-74 (1984)............ 12

*Matrix Capital Management Fund, LP v. BearingPoint, Inc*., 576 F.3d 172, 195 (4th Cir. 2009) 7

*Robinette v. Hunsecker, 439 Md. 243, 96 A.3d 94 (2014)*,.......................................... 12

Senior Execs. Ass'n v. United States, Civil Action No. 8:12–cv–02297–AW, 2013 WL 1316333, at *21 (D. Md. Mar. 27, 2013) .................................................................. 10

*Starleper v. Hamilton*, 106 Md.App. 632, 666 A.2d 867 (1995)................................... 12

*Steinburg v. Chesterfield County Planning Com'n*, 527 F.3d 377, 390 (4th Cir. 2008). .............. 8

*United States v. Newbury Mfg. Co*., 123 F.2d 453 (1st Cir.1941))................................ 6

*Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co.,Inc.,* 386 F.3d 581, 592 (4th Cir. 2004)). . 10

*Ward Elec. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987)). ............... 9

*Washington Suburban Sanitary Comm'n v. Utilities, Inc*., 365 Md. 1, 39 (2001)........................ 12

*Wimmer v. Wimmer*, 287 Md. 663, 668, 414 A.2d 1254 (1980),.................................................. 12

**Statutes**

28 U.S.C. § 2201 ............................................................................................................... 10

28 U.S.C. §2201 .................................................................................................................. 4

29 U.S.C. § 1002(7). ......................................................................................................... 11

29 U.S.C. § 1132 ............................................................................................................... 11

29 U.S.C. § 1132(g)(1). ..................................................................................................... 11

29 U.S.C. §1132(a)(2)......................................................................................................... 11

Section 1132(a)(2) ............................................................................................................. 11

**Other Authorities**

Dan B. Dobbs, Handbook on the Law of Remedies § 4.2 (1973)). ............................................ 12

**Rules**

[Fed. R. Civ. P.] 15(a)........................................................................................................... 9

Federal Rule of Civil Procedure 15(a). ................................................................................... 8

Federal Rule of Civil Procedure 8(a)(2), ............................................................................... 11

FRCP 15(a). .......................................................................................................................... 7

Rule 15 of the Federal Rules of Civil Procedure ..................................................................... 3

Rule 15(a)(2),....................................................................................................................... 9

**Regulations**

Employee Retirement Income Security Act of 1974 ("ERISA") ............................................... 10

ERISA § 502(a)(1)(B)........................................................................................................... 11

The Declaratory Judgment Act of 1934 .................................................................................. 10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| DENISE PAJOTTE | |
| **PLAINTIFF** | Civil Case No.:8:17-cv-03704 |
| V. | |
| LYNETTE PAJOTTE, *et al* | |
| **DEFENDANT** | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A**
**FOURTH AMENDED COMPLAINT AND REQUEST FOR A HEARING THEREON**

Plaintiff respectfully moves the Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file an FOURTH AMENDED COMPLAINT ("FAC"), a copy of which is attached hereto and for reasons state:

## I.    PRELIMINARY STATEMENT

The facts and details *infra*, warrant adding the Transit Employees' Health and Welfare Plan ("TEHWP"), who is the plan administrator for Washington Metropolitan Transit Authority ("WMATA"). Moreover, Plaintiff has added counts for Constructive Trust, ERISA, and Declaratory Relief under 28 U.S.C. §2201. The FAC also seeks to clarify facts and to simplify issues.

## II.    FACTUAL ALLEGATIONS

Tyson Pajotte ("Decedent") and Plaintiff were married in civil ceremony on December 8, 1979 (the "Marriage").FAC ¶9. During their married life, the Decedent obtained the two group policies insuring his life; the insured had obtained life insurance policies ('the "Policies") from the MetLife and Voya Life Insurance Company ("Voya") now known as RLIC. FAC ¶10. In

both policies, Plaintiff was the named beneficiary. FAC ¶11. The policies reserved the right of the insured to change the beneficiary named in the policies unless there had been an irrevocable designation of beneficiary. Plaintiff had not been named as an irrevocable beneficiary. FAC ¶12.

Thereafter, the parties separated due to marital problems. FAC ¶13. On or around, October 26, 2006, (the "Separation Date"), Plaintiff and Decedent executed a separation agreement (the "Agreement"), which contained a mutual waiver of marital property (the "Waiver") including each other rights in waiving any rights to the other's insurance policies. FAC ¶14. The Agreement did not speak to the right of either party to designate the other as a beneficiary in any insurance policy in the future. FAC ¶15.

The Agreement required the parties to execute the necessary documents to remove beneficiaries from the policies as a condition precedent to making the waiver final. FAC ¶16. Plaintiff took the necessary steps to remove the Decedent from her life insurance policies. Decedent took no steps to remove Plaintiff as beneficiary from either of his policies, including his retirement fund with WMATA.

Decedent and Plaintiff divorced on November 2, 2006 and not less than twenty (20) days later, the Decedent remarried the Defendant. FAC ¶19. On November 20, 2006, Decedent married Defendant Pajotte thus; her marriage to Decedent is not legal. During the period of marriage to Defendant Pajotte, Decedent did not remove Plaintiff from his insurance policies, despite numerous opportunities and invitations from MetLife and Voya to do so. FAC ¶21.

On July 13, 2016, the Decedent suddenly and without warning passed away. FAC ¶22. On July 30, 2016 (the "Burial Date"), the Decedent was interned. Plaintiff and Defendant Pajotte both made a claim for benefits against the Life Insurance Policies. FAC ¶22.  Plaintiff claimed that she is entitled, because she is the named beneficiary. Decedent had the right, authority and control over the said policies and whom he would appoint as the beneficiaries named in the

4

policies and did not remove Plaintiff as the beneficiary of the Policy, nor did he replace Plaintiff with Defendant Pajotte as the beneficiary. FAC ¶24. Further, Plaintiff alleges that Decedent had twelve (12) years to change the policies, had control over the policies and had not taken any steps to remove Plaintiff as beneficiary from either policy. Moreover, the Agreement required him to take the steps. Thus, Plaintiff avers that based on the statements herein and other evidence, the Decedent intended Plaintiff to remain as beneficiary on both policies. FAC ¶25. Plaintiff also asserts that she had no interest in a life insurance policy to waive. A designated beneficiary has no interest in a life insurance policy until the insured is deceased. Further, a beneficiary has no control over a policy to entitle her to say what shall be done with it, or control the change in beneficiaries, or other dealings, during the lifetime of the holder of the policy. It is only after the death of the holder that such interests or rights to the proceeds. Denise's right as a beneficiary was established at the time of the Decedents death and not at the time of the agreement.

Defendant Pajotte argues that Plaintiff waived her right to be designated as a beneficiary and believes that the life insurance benefit should be paid to the Estate of Tyson Pajotte ("Defendant Estate"). Defendant Estate was not named as a beneficiary in either policy. Defendant Pajotte ignores the possibility that the Decedent did not wish to change the beneficiary of the policies, because he took no action what so ever to change the beneficiary on his policy.

Defendant Metropolitan Life ("MetLife") deposited funds into the Estate of Tyson Pajotte which has not been disbursed due to the declaratory action. Relistar Life Insurance Company ("RLIC") filed an interpleader action and has deposited the insurance proceeds into the courts registry.

The Plaintiff made a claim to both insurance companies. MetLife denied the claim based on the incorrect representations from Defendant Pajotte that the Plaintiff waived her rights to be the beneficiary and that the funds belong to the Estate. MetLife did release the funds to the Personal Representative without notice to Plaintiff, even after having proper notice that Plaintiff was claiming an interest in the insurance proceeds.  MetLife also advised Plaintiff that it would not pay out the funds until this controversy was resolved. Plaintiff is the only beneficiary named on the policy with no changes made by the decedent. Defendant is the Personal Representative of the Estate and a purported beneficiary. Both parties have sufficient legal interest in the outcome of the Court's decision as it will define the rights of the parties as to who is entitled to the funds.

## III.   ARGUMENT

### a)  Plaintiff is entitled to amend her complaint as a matter of right within twenty-one days when case is removed to federal court.

Plaintiff has an absolute right to amend her complaint as matter of course, without leave of the Court, as long as said Amended Complaint was filed within twenty-one (21) days of the removal.  Furthermore, Plaintiff has the right to amend her Complaint once before a responsive pleading has been filed. A motion to dismiss is not considered responsive. *Domino Sugar Corp. v. Sugar Workers Local* 392, 10 F.3d 1064, 1068 n. 1 (4th Cir.1993) (citing *United States v. Newbury Mfg. Co.*, 123 F.2d 453 (1st Cir.1941)).

In *Holmes v. AC & S, Inc*., 388 F. Supp. 2d 663, 667 (E.D. Va. 2004), at *668*, the Court found that "Removal of a case from state to federal court neither [n]ullifies what the state court did, nor *[p]recludes the federal court* from taking further steps that it could have taken if the case had originated there."

The *Holmes* opinion does not suggest or infer that Plaintiff is prohibited from filing an Amended Complaint as a matter of right. In fact, it confirms that by operation of Federal law,

Plaintiff is [g]uaranteed an absolute right to amend her complaint once any time before the time

before the Defendant has filed an answer. See FRCP 15(a).

In *Am. Bush v. City of South Salt Lake,* 42 Fed. Appx. 308, 310, 2002 WL 1443474 at *1

(10th Cir. 2002), found that "the removal petition did not serve to cut off plaintiffs' right to

amend their complaint once as a matter of course".

There is no provision in the FRCP that carves out an exception to Plaintiff's guaranteed

right to amend a Complaint within twenty-one (21) days, although she amended her complaint in

the lower court.

b) **The Motion Should be Granted Because Leave to Amend Was Timely Sought and Because Defendants Will Not Be Prejudiced if the Motion is Granted and Because It Was Filed in Good Faith**

The proposed amended complaint does not prejudice the Defendants. Here, Plaintiff

simply seek[s] to add specificity to her allegations, add an additional party and has added counts

for ERISA, Constructive Trust and Federal Declaratory Relief.  In fact, the Defendants have not

unnecessarily expended any resources, and the gravamen of this case-at least as to Defendants'

MetLife and Pajotte- has not changed in any unforeseen way. This Court have stated in a

situation where defendants are aware of the circumstances giving rise to the action, no prejudice

can be claimed." *Matrix Capital Management Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 195

(4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999) (noting

that merely adding specificity to allegations generally does not cause prejudice to the opposing

party); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980) ( "Because defendant

was from the outset made fully aware of the events giving rise to the action, an allowance of the

amendment could not in any way prejudice the preparation of defendant's case.")) (additional

citation omitted).

Moreover, Plaintiff did not unduly delay in preparing the amendment. This case was removed on December 14, 2017. On December 27, 2017, Plaintiff filed her amended complaint, as a matter of right[1]. The proposed amendment does not affect discovery or any other deadline in any significant way, because a scheduling order has not been issued. In fact, Defendants could not claim prejudice because it was the parties intention to modify the scheduling order in the lower court and because Plaintiff's Motion to Modify the Scheduling Order was pending before this case was removed**. Docket Entry 41** The purpose of seeking modification was for the parties to have an adequate opportunity to conduct discovery. Defendant Metropolitan Life ("MetLife") was added as a party to the case on August 14, 2017. Defendant WMATA was added on October 19, 2017, therefore, Plaintiff was entitled to utilize discovery to meet her burden in this case.

It is this Circuit's policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a). See _Coral v. Gonse_, 330 F.2d 997, 998 (4th Cir.1964).

[T]he general rule is that leave to amend a complaint under Federal Rule of Civil Procedure 15(a) should be freely given, _see Foman v. Davis_, 371 U.S. 178, 182 (1962), unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile,"_Laberv.Harvey_, 438 F.3d 404, 426 (4th Cir. 2006) (internal quotation marks omitted)."See also _Steinburg v. Chesterfield County Planning Com'n_, 527 F.3d 377, 390 (4th Cir. 2008). "It is this Circuit's policy to liberally allow amendment in keeping with the spirit of [Fed. R. Civ. P.] 15(a)." _Galustian v. Peter_, 591 F.3d 724, 729 (4th Cir. 2010) "Motions to amend are typically granted in the absence of an improper motive, such as undue delay, bad faith, or repeated failure to cure a deficiency by amendments previously allowed." _Harless v. CSX Hotels, Inc_., 389 F.3d 444, 447 (4th Cir. 2004) (citing _Ward Elec. Serv., Inc. v. First Commercial Bank_, 819 F.2d 496, 497 (4th Cir. 1987)).

---

[1] This is a contested issued among the parties and addressed in paragraph A of this Motion.

Since the parties had already moved to amend a previous scheduling order, the Defendants cannot now claim prejudice or bad faith. **Exhibit A**

Moreover, there is no apparent reason for denying the motion to amend, as none of the factors as none of the factors that may militate against it is present in this case. Consistent with the liberal standard that applies to motions to amend under Rule 15(a)(2), the Court should therefore grant Plaintiff's motion.

The interests of justice and judicial economy will undoubtedly be served by having all allegations properly before the Court as set forth in Plaintiff's proposed amended complaint. The amendments are narrowly tailored to reflect the present circumstances and Plaintiff's present understanding of the case. In so doing, the action can more effectively proceed on the merits.

c)   **The Defendants Cannot Establish That The Amendment is Futile**

Finally, Plaintiff's request to file an amended complaint is not futile as Plaintiff has alleged sufficient facts to state a claim for relief that is facially plausible. The Defendants can adduce no grounds to support a claim of futility –i.e., "that the complaint, as amended, would fail to state a claim upon which relief could be granted". The proposed FAC is not clearly legally insufficient or frivolous on its face. Where the proposed amendment is not clearly futile, denying leave to amend on this ground is highly improper.

i.   **Plaintiff states a claim under 28 U.S.C. §2201 as to Defendants**

Plaintiff's has added counts for Declaratory Relief under 28 U.S.C. §2201 regarding the insurance proceeds for which Plaintiff alleges to be entitled.  The basis of these claims is for this court to determine the rightful owner to insurance proceeds. The Declaratory Judgment Act of 1934, 28 U.S.C. § 2201, permits a federal court to declare the rights of a party whether or not further relief is or could be sought, and . . . declaratory relief may be available even though an injunction is not." *Green v. Mansour,* 474 U.S. 64, 72 (1985) (citation omitted). The Fourth

Circuit has distilled the principles governing declaratory judgment actions. "'[A] federal court may properly exercise jurisdiction in a declaratory judgment proceeding when three essentials are met: (1) the complaint alleges an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment; (2) the court possesses an independent basis for jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction.'" Senior Execs. Ass'n v. United States, Civil Action No. 8:12–cv–02297–AW, 2013 WL 1316333, at *21 (D. Md. Mar. 27, 2013) (quoting Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co.,Inc., 386 F.3d 581, 592 (4th Cir. 2004)).

In the instant matter, the FAC alleges an actual controversy between the parties. Plaintiff has sufficiently alleged, as to Defendants Pajotte, MetLife and Relstar, that she is entitled to insurance proceeds for which she was named as beneficiary. Moreover, as to Defendant WMATA and Transit, Plaintiff has sufficiently plead that pursuant to the marital Settlement Agreement, she is entitled to a portion of the decedent's retirement benefits which WMATA has refused or delayed in paying her. These are material issues for the court to decide at trial of this matter.

This Court has jurisdiction of the Declaratory Judgment action because there is an outstanding federal question regarding the Employee Retirement Income Security Act of 1974 ("ERISA"). The FAC alleges that MetLife issues group insurance policies which fund employee benefit, sponsored by employers, including group life insurance plans. MetLife issued a group life insurance plan, which is a qualifying plan under ERISA.  ERISA § 502(a)(1)(B), provides participants and beneficiaries a cause of action against companies such as MetLife.

The Court would not abuse its discretion by hearing and ruling on the arguments raised in Plaintiff's proposed FAC.

**ii.   Plaintiff has Sufficiently Plead That MetLife Violated ERISA**

Plaintiff alleges that MetLife deprived Plaintiff benefits in direct contradiction of 29 U.S.C. § 1132 and that because of the intentional deprivation, that she is entitled to attorney's fees under 29 U.S.C. § 1132(g)(1). Section 1132(a)(2) of ERISA allows "a participant, beneficiary or fiduciary" to bring a civil action for breach of fiduciary duty. 29 U.S.C. §1132(a)(2). A participant is defined as "any employee or former employee of an employer or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). Plaintiff's FAC pleads sufficient grounds on her theory as to the Defendant's MetLife's culpability under ERISA. In fact, Federal Rule of Civil Procedure 8(a)(2), requires a "short and plain statement of the claim showing that the pleader is entitled to relief." This Court must accept all allegations in the Complaint as true and construe all factual allegations in a light most favorable to the plaintiff. See *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir.2001).

Plaintiff's FAC states sufficient grounds upon which relief could be granted. Her FAC is therefore not futile.

**iii.   Plaintiff Has Sufficiently Plead For The Creation Of A Constructive Trust**

In her FAC, Plaintiff has requested that the Court create a constructive trust to prevent irreparable harm to Plaintiff by WMATA's continued payments to Defendant Pajotte in violation of the Martial Settlement Agreement. The Plaintiff's Third Amended Complaint ("TAC"), plead a count for Unjust Enrichment against the Defendant Pajotte. "The doctrine of unjust enrichment applies where 'the defendant, upon the circumstances of the case, is obliged by the ties of natural justice and equity to refund the money.'" *Mass Transit Admin. v. Granite Constr. Co.*, 57 Md. App. 766, 773-74 (1984) (quoting Dan B. Dobbs, Handbook on the Law of Remedies § 4.2 (1973)). See also see also *Washington Suburban Sanitary Comm'n v. Utilities, Inc.*, 365 Md. 1,

39 (2001) ("'The constructive trust, like its counterpart remedies "at law," is a remedy for unjust enrichment.' The remedy 'is no longer limited to misconduct cases; it redresses unjust enrichment, not wrongdoing.'") This Court must accept all allegations in a light most favorable to the Plaintiff. That being so, a constructive trust of the monies being paid by WMATA to Defendant Pajotte, would serve the ends of justice to ensure that if this Court finds in favor of the Plaintiff, that Plaintiff does not suffer irreparable harm, less justice triumphs. The Fourth Circuit has defined a constructive trust as an equitable remedy, and not a cause of action. See _Lyon v.Campbell,_ 33 F. App'x 659, 663 (4th Cir. 2002) (applying Maryland law and stating: "A constructive trust is an equitable remedy, not a cause of action in and of itself.").

In a case, similar, _Robinette v. Hunsecker, 439 Md. 243, 96 A.3d 94 (2014)_, The Court of Appeals of Maryland affirmed the lower court's decision to create a constructive trust after a dispute arose after the death of a former spouse under similar facts and circumstances. Furthermore, in _Wimmer v. Wimmer_, 287 Md. 663, 668, 414 A.2d 1254 (1980), the Court of Appeals of Maryland opined that a constructive trust is the remedy employed by a court of equity to covert the holder of the legal title to property into a trustee for one who in good conscience should reap the benefits of the possession of said property. In most circumstances, a constructive trust is appropriate to give effect to a provision in a separation agreement when necessary to avoid an inequity. See _Starleper v. Hamilton_, 106 Md.App. 632, 666 A.2d 867 (1995).

Accordingly, Plaintiff's request for a Constructive Trust is well founded and is not futile.

## IV.   CONCLUSION

For the reasons identified above, Plaintiff requests that the Court grant Plaintiff's motion for leave to file the proposed fourth amended complaint and for such other relief as may be deemed just and proper .                    Respectfully Submitted,

THE LAW OFFICES OF JESSIE LYONS

12

CRAWFORD, LLC

/s/ Jessie Lyons Crawford

_____
**JESSIE LYONS CRAWFORD, Esq.**
**COUNSEL TO PLAINTIFF**