## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | | |
|---|---|---|
| **DENISE PAJOTTE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO.:   8:17-cv-03704-TJS** |
| **v.** | ) | |
| | ) | |
| **LYNETTE PAJOTTE; ET AL.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT

Pursuant to the Court's January 12, 2018 Order, Defendants, Lynette Pajotte, individually and as representative of the Estate of Tyson C. Pajotte, Metropolitan Life Insurance Company ("MetLife"), and the Washington Metropolitan Area Transit Authority ("WMATA"), hereby file this Joint Opposition to Plaintiff's motion for leave to file a Fourth Amended Complaint.  As a result of denying Plaintiff leave to amend, Defendants also request that the Court declare that the First Amended Complaint will serve as the operative Complaint.

Defendants respectfully assert that Plaintiff's motion for leave to amend the Complaint should be denied because: (1) Plaintiff has no right under the Federal Rules of Civil Procedure to amend the Complaint beyond the First Amended Complaint, even after removal; (2) Plaintiff's request for leave is untimely; (3) Plaintiff has not and cannot demonstrate good cause for amending the Complaint; and (4) Plaintiff's proposed amendments are futile in any event.

## I.    PROCEDURAL HISTORY

Plaintiff initiated this action in state court on November 9, 2016.  (ECF 2).  Plaintiff filed her First Amended Complaint in the Circuit Court for Prince George's County (the "State Court") on January 4, 2017.  (ECF 10).  This amendment was accomplished as a matter of right

under the Maryland Rules.  On January 19, 2017, the State Court entered a Scheduling Order

setting the Pretrial Conference for May 5, 2017 and set a deadline for amendments to pleadings

and joinder of additional parties 60 days in advance of the Pretrial Conference; or by March 4,

2017.  (ECF 11).

On May 16, 2017, the State Court entered a Pretrial Conference Report, regarding the

Pretrial Conference held on May 10, 2017.  (ECF 21).  On August 14, 2017, Plaintiff filed her

Second Amended Complaint in the State Court without requesting or obtaining leave, despite

Plaintiff missing the deadline to add additional parties by more than *five months*.  (ECF 27).

Plaintiff's Second Amended Complaint attempted to add Defendant MetLife in violation of the

State Court's Scheduling Order.  *Id.*  On September 27, 2017, MetLife filed a Motion to Dismiss

the Second Amended Complaint.  (ECF 34.)  On October 19, 2017, Plaintiff filed a Motion for

Leave to Join Additional Parties and, again without leave of the State Court, filed a Third

Amended Complaint.  The Third Amended Complaint attempted to add WMATA as an

additional Defendant.  (ECF 36, 37).   On November 21, 2017, MetLife filed a Motion to Strike

and a Motion to Dismiss Plaintiff's Third Amended Complaint in substantial part because

Plaintiff again failed to seek leave of court prior to its filing.  (ECF 47, 49).  The State Court

scheduled a December 18, 2017 hearing to address "pending matters." (ECF 43).  At the hearing,

MetLife planned to argue to the State Court that, consistent with MetLife's pending Motions,

Plaintiff's Second and Third Amended Complaints should be struck and/or dismissed, and

MetLife should be dismissed from the case.  However, on December 17, 2017, WMATA

removed the case to this Court with the consent of all Defendants.

On December 27, 2017, after the case was removed to Federal Court, Plaintiff attempted

to file a Fourth Amended Complaint, again without leave, adding even more parties and claims

2

in this Court.  (ECF 71).  On January 12, 2018, the Court rightfully struck Plaintiff's Fourth

Amended Complaint after a conference with the parties, and granted Plaintiff an opportunity to

file a motion for leave to amend her Complaint ("Plaintiff's Motion").  Of note, Plaintiff's newly

proposed Fourth Amended Complaint filed with Plaintiff's Motion on January 26, 2018 is

materially different from the one submitted on December 27, 2017.

Plaintiff's Motion should be denied, as her time to amend or add additional parties has

expired pursuant to the State Court's Scheduling Order, Maryland Rule 2-341, and Fed. R. Civ.

P. 15(a).  Additionally, Plaintiff offered no good cause or any justifying reason to modify the

State Court's deadline, as required by Fed. R. Civ. P. 16.  For example, Plaintiff's proffered

claims in her proposed Second, Third, and Fourth Amended Complaints should have been

known to Plaintiff the day she initiated this case in 2016.  Finally, Plaintiff's Motion should be

denied, because amendment would be futile.  Plaintiff has no legal means of recovery for any of

her newly asserted claims against MetLife, WMATA, or the Transit Employees' Health &

Welfare Plan ("TEHW" or the "Plan").  By denying Plaintiff's Motion for Leave to File a Fourth

Amended Complaint, Defendants respectfully request that this Court declare that the First

Amended Complaint will serve as the operative Complaint.

## II.     ARGUMENT

### A.     Plaintiff Cannot Amend as a Matter of Right

"Once the notice of removal has been effectively filed in both courts, the federal court

takes the case in the posture in which it departed the state court, treating everything done in the

state court as if it had been done in federal court."  *Holmes v. AC & S, Inc.*, 388 F. Supp. 2d 663,

667 (E.D. Va. 2004).  Plaintiff cannot now choose to ignore State Court orders and deadlines,

just because she finds them inconvenient.  Following removal, leave of court is required to

amend a complaint in a civil action where a plaintiff has previously amended her complaint as a matter of right in state court.  *See Whitehead v. Viacom*, 233 F.Supp.2d 715, 719 (D. Md. 2002) (granting motion to strike where plaintiff amended once as a matter of right in state court). Plaintiff's Counsel conceded this point during the teleconference with the Court held on January 9, 2018, so Plaintiff's renewed argument stating she has an absolute right to amend after removal to federal court regardless of the number of amendments taken in the State Court Action, should be summarily rejected by this Court.[1]

### B.    Plaintiff's Request for Leave is Untimely

Plaintiff has a history of ignoring deadlines and court orders throughout this action.  "[A] judge's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999) (internal quotation omitted).  The Court's deadline to add additional parties or otherwise amend her Complaint was 60 days in advance of the Pretrial Conference that took place on May 10, 2017.  Plaintiff's request for leave almost one year after the expiration of this deadline is untimely, and should be denied.

### C.    Plaintiff's Request Lacks Good Cause

"Once the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b). If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W. Va. 1995).  Fed. R. Civ. P. 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent."

---

[1] Plaintiff misstates Fed. R. Civ. P. 15, claiming she has an absolute right to amend within 21 days after removal. (ECF 91-1, p. 6).  Regardless, the presently drafted Fourth Amended Complaint was submitted to the Court for the first time on January 26, 2018, well after 21 days passed from the filing of any Motion to Dismiss in this case.

The determination whether "good cause" exists under Fed. R. Civ. P. 16, depends on the moving party's diligence. *Lovely-Coley v. D.C.*, 255 F. Supp. 3d 1, 6 (D.D.C. 2017).  The Court's inquiry, therefore, must focus on the reasons the plaintiff has given for the delay, instead of the substance of the proposed amendment. *Id.* (citing with approval *Lurie v. Mid-Atl. Permanente Med. Group, P.C.*, 589 F. Supp. 2d 21, 23–24 (D.D.C. 2008)).  It is appropriate to deny leave to amend where new claims are merely legal variations on a theme the parties have been litigating for years.  *See Kmak v. Am. Century Companies, Inc.*, 873 F.3d 1030, 1034–35 (8th Cir. 2017) (finding no good cause) *see also Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 527 (D. Md. 2014), *aff'd*, 632 Fed. Appx. 87 (4th Cir. 2015) (denying leave where Plaintiff not diligent); *Hawkins v. Leggett*, 955 F. Supp. 2d 474, 498–99 (D. Md. 2013), *aff'd sub nom. In re Canarte*, 558 Fed. Appx. 327 (4th Cir. 2014) (denying leave where plaintiff knew, or reasonably could have known, relevant facts prior to amendment deadline).

In *Hawkins v. Leggett*, this court stated that a movant satisfies the good cause requirement by showing that, "despite diligence, the proposed claims could not have been reasonably brought in a timely manner."  955 F. Supp. 2d 474, 498 (D. Md. 2013).  The moving party in that case, however, failed to explain why the claim could not have been added in time to comply with the court's scheduling order.  *Id.* at 499. .  The court found that the movant's lack of explanation fell far short of demonstrating good cause to allow for amendment pursuant to Fed. R. Civ. P. 16(b).  *Id.*  Similarly, in *Kolb v. ACRA Control, Ltd.*, the court found the plaintiff's proposed amendments could have been asserted at the beginning of the litigation.  21 F. Supp. 3d 515, 527 (D. Md. 2014).  Therefore, the court found that because of the plaintiff's lack of diligence, he could not demonstrate good cause – despite the observation that delay may not prejudice the opposing party.  *Id.*

In this case, Plaintiff asserts she seeks amendment in order to "add specificity to her [factual] allegations, add an additional party and [add] counts for ERISA, Constructive Trust and Federal Declaratory Relief." (ECF 91-1, p. 7)  Plaintiff claims she did not delay, because she attempted to amend within a matter of days from *removal*, but she fails to explain her lack of diligence with respect to missing the deadline to amend in the applicable Scheduling Order in the State Court. (ECF 91-1, p. 8).  Like the moving party in *Hawkins*, Plaintiff offers no good cause, or really any explanation whatsoever, for her lack of diligence.  Like the plaintiff in *Kolb*, the proffered amendments in Plaintiff's draft Fourth Amended Complaint filed on January 26, 2018, as well as her Second and Third Amended Complaints, could have been made when this case was originally filed in State Court.  The court found no good cause existed to allow leave to amend in *Hawkins* and *Kolb*, and the same finding must also result in this case.  Plaintiff has failed her burden of showing good cause for allowing amendment after almost an entire year from when the original State Court deadline passed.[2]  Because no good cause exists, this Court need not burden itself with further inquiry regarding prejudice or whether the proffered pleading will pass the tests for amendment under Fed. R. Civ. P. 15.  *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 299 (4th Cir. 2008) (after determining no good cause for amendment exists, court refused to address futility issue under Fed. R. Civ. P. 15); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609-10 (9th Cir. 1992) (ending inquiry after finding the moving party was not diligent when requesting leave to amend four months after deadline).

---

[2] MetLife asserts that Plaintiff's pattern of behavior in this case goes beyond lack of diligence and now constitutes bad faith.  Shortly after this Court struck Plaintiff's Fourth Amended Complaint, Plaintiff filed yet another Complaint against MetLife based on the same facts in the State Court.  *See* January 23, 2018 State Court Complaint attached hereto as *Exhibit 2*.  In order to preclude MetLife from removing the case to this Court and moving to consolidate it with the current action, Plaintiff has requested judgment against MetLife "for an amount less than $75,000."  *See Ex. 2*, pp. 5-8.

**D.      Amendments is Futile**

While Fed. R. Civ. P. 15 contemplates liberal leave to amend, it is improper to grant such leave when amendment would be futile.  *Cutonilli v. Md.*, 251 F. Supp. 3d 920, 923 (D. Md. 2017), *aff'd,* 696 Fed. Appx. 648 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 456, 199 L. Ed. 2d 330 (2017).  An amendment would be futile if it could not survive a motion to dismiss.  *Id.* (citing *Perkins v. U.S.*, 55 F.3d 910, 917 (4th Cir. 1995)); *see also Devil's Advocate, LLC v. Zurich Am. Ins. Co.*, 666 Fed. Appx. 256, 266–67 (4th Cir. 2016) (upholding decision to deny leave where proposed amendments would not allow claims to survive a motion to dismiss); *Applegate, LP v. City of Frederick, Md.*, 179 F. Supp. 3d 522, 527–28 (D. Md. 2016) (finding that the proposed amendment must be enough to raise a right to relief above a speculative level).  This Court should deny Plaintiff leave to file her proposed Fourth Amended Complaint, because such amendment would be futile.  As a result, the Court should declare that the First Amended Complaint is the operative Complaint.

**1.      Plaintiff cannot state a claim for declaratory judgment against WMATA and <u>TEHW.</u>**

A declaratory judgment action must satisfy the case or controversy requirement set out in Article III of the Constitution.  *Hogs and Heroes Foundation, Inc. v. Heroes, Inc.*, 202 F.Supp.3d 490, 494 (D. Md. 2016).  28 U.S.C. § 2201 requires a declaratory judgment action be a "case of actual controversy."  In examining "actual controversy," courts look to whether there is a substantial controversy of sufficient immediacy between parties having adverse legal interests. *Hogs and Heroes Foundation, Inc.*, 202 F. Supp. 3d at 494; *Dyer v. Md. State Bd. of Ed.*, 187 F.Supp.3d 599, 610 (D. Md. 2016).  "Under federal law, a plaintiff seeking declaratory relief must show that he is in danger of being injured by the opposing party's conduct and that the

danger is both real and imminent and neither conjectural nor hypothetical." *Sterling v. Ourisman Chevrolet of Bowie Inc.*, 943 F. Supp. 2d 577, 600 (D. Md. 2013) (internal quotations omitted).

During the January 9, 2018 Conference with this Court, Plaintiff's Counsel conceded Plaintiff does not have the ability to bring an ERISA claim against Defendant WMATA.  In an effort to revive such an impermissible claim, Plaintiff seeks a declaratory judgment against Defendants WMATA and TEHW, and claims a constructive trust claim against WMATA.  *See generally* (ECF 91-5).  At the heart of Plaintiff's claims against Defendants WMATA and TEHW is an allegation that an August 6, 2015 Order purportedly grants Plaintiff rights to 50% of her ex-husband's pension.  (ECF 91-5, p. 14 ¶ 63); *see also* (ECF 91-1, p.10).

To begin, the plan administrator in this case has sole discretionary decision-making authority over interpreting eligibility for benefits.  Mims Decl. ¶ 8.  In such a case, the sponsoring employer is not a proper defendant.  *Briggs v. Marriott Int'l., Inc.*, 368 F.Supp.2d 461, 471-72 (D. Md. 2005); *see also Sawyer v. Potash Corp. of Saskatchewan (Potashcorp)*, 417 F.Supp.2d 730, 737 (E.D.N.C. 2006) (granting summary judgment in favor of employer who had no influence over handling of plaintiff's claim).  Under whatever new theories of liability Plaintiff tries to bring against Defendant WMATA, because WMATA does not have decision-making authority over whether to distribute plan benefits, it is not a proper party to this action.

Next, Plaintiff alleges the August 6, 2015 Order[3] was provided to WMATA and/or TEHW directing a payment of benefits to Plaintiff, giving her a right to recovery in this lawsuit.  (ECF 91-5, p. 14 ¶ 63).  An examination of the contents of the August 6, 2015 Order, however, shows the order is directed to the National Elevator Industry Pension Plan, *not* TEHW.  *See* the August 6, 2015 Order attached hereto and adopted herein as *Exhibit 1*.  WMATA does not

---

[3] The August 6, 2015 Order has been the subject of unresolved motions practice in the State Court, and was attached as Exhibit A-2 to her December 8, 2017 Opposition brief.  (ECF 60-1, p. 8).

sponsor the National Elevator Industry Pension Plan.  Mims Decl. ¶¶ 4-6.  Further WMATA has no record of receiving or accepting a Qualified Domestic Relations Order directed to the Transit Employees Health & Welfare Plan.  Mims Decl. ¶ 7.  Because Plaintiff lacks an order expressly granting Plaintiff a right to benefits from a plan administered by TEHW or sponsored by WMATA, she cannot demonstrate actual controversy against either Defendant.  Plaintiff's claim for declaratory judgment against WMATA and TEHW is futile.  Therefore, Plaintiff's request for leave must be denied.

2.      **Plaintiff cannot state a claim for constructive trust against WMATA.**

First, a constructive trust is not a cause of action in itself, rather it is an equitable remedy. *Chassels v. Krepps*, 235 Md. App. 1, 15, 174 A.3d 896, 904 (2017).  Second, "[a] constructive trust may be imposed upon specific property by a court of equity to convert the holder of the legal title to property into a trustee for one who in good conscience should reap the benefits of the possession of said property."  *Hess v. Kafka*, 221 F. Supp. 3d 669, 673 (D. Md. 2016) (internal quotation omitted).  A relationship in which dominion or influence is exercised by one person over the other is a prerequisite for the imposition of a constructive trust.  *Chassels*, 235 Md. App. at 16.  WMATA never controlled the distribution of any of the subject plan benefits, nor received any plan benefits.  Mims Decl. ¶ 8.  Plaintiff's request for a constructive trust to be imposed against WMATA is futile, and leave to amend must be denied.

3.      **Plaintiff cannot state any claims against MetLife.**

a.      **Plaintiff cannot state an ERISA claim against MetLife.**

Counts II and III of the proposed Fourth Amended Complaint are based on the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").  Count II alleges that "MetLife may be sued under ERISA as an entity pursuant to 29 U.S.C. § 1132(d)(1)"

because MetLife served as the administrator of the WMATA employee benefit plan, the Transit

Employee Health and Welfare Plan.  (ECF 91-5 ¶ 40).  Count III alleges that Plaintiff is entitled

to recover reasonable attorneys' fees for prosecution of the action pursuant to ERISA, 29 U.S.C.

§ 1132(g)(1). (*Id.* ¶¶ 54-55).  Contrary to Plaintiff's allegations, ERISA does not govern the Plan

in this case, and therefore does not provide a basis for relief against MetLife as administrator of

the Plan.

WMATA is an inter-jurisdictional compact agency that is treated as a state level agency

within the Fourth Circuit.  *See Lizzi v. Alexander*, 255 F.3d 128, 132 (4th Cir. 2001) ("WMATA

is a state agency, subject to all the benefits and liabilities of a state itself . . . It does not matter

that WMATA was created by interstate compact, as opposed to being an agency of one state

alone.")  Employee benefit plans established and maintained for employees of a state agency are

specifically excluded from coverage under ERISA.

29 U.S.C. § 1003 titled "Coverage" states in relevant part:

> (b) Exceptions for certain plans
> The provisions of this subchapter **shall not** apply to any employee
> benefit plan if –
> (1) such plan is a governmental plan (as defined in section 1002(32)
> of this title);

(emphasis added).

29 U.S.C. § 1002(32), in turn, states in part:

> The term "governmental plan" means a plan established or
> maintained for its employees by the Government of the United
> States, by the government of any State or political subdivision
> thereof, **or by any agency or instrumentality of any of the
> foregoing**.

(emphasis added).

Because any plan established by WMATA for its employees is not subject to ERISA, Plaintiff's ERISA claims against MetLife based on its status as administrator of such a plan fail to state a claim upon which relief can be granted.  *See Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 (5th Cir. 2016) (holding the subject transit authority's plan was a "governmental plan," and exempt from ERISA); *Canady v. WMATA*, 909 F. Supp. 324, 327 (D. Md. 1995) (finding subject plan issued by WMATA was a "governmental plan," and therefore exempt from ERISA); *Akins v. WMATA*, 729 F.Supp. 903, 905 n. 1 (D.D.C.1990) (granting summary judgment by noting WMATA is a governmental entity and therefore exempt from applicable ERISA provisions).

**b.   Plaintiff cannot state a declaratory judgment claim against MetLife.**

With respect to the Second Amended Complaint, Count I of the Third Amended Complaint, and Count I of the proposed Fourth Amended Complaint, Plaintiff also fails to state a declaratory judgment claim against MetLife.  As more fully set forth in MetLife's briefs in support of its motions to dismiss the Second and Third Amended Complaints (ECF Nos. 34-1, 46, 49-1, and 74), Plaintiff's claim against MetLife must be dismissed because, in the absence of a valid beneficiary at the time of the decedent's death, MetLife paid the claim in good faith to the decedent's estate.  Under Maryland law, an insurer who makes a payment in good faith reliance on contract or law will not be held liable for payment of proceeds consistent with those dictates. *See Southern Maryland Elec. Co-op., Inc. v. Travelers Ins. Co.*, 447 A.2d 487,491 n. 4 (Md. Ct. App. 1982) (explaining that "if an insurer declines to make payment in the good faith belief that such payment is not required under the contract (or under the law), its failure to make the payment is not unreasonable or 'without just cause.'").  Here, MetLife denied Plaintiff's claim because, under the marital separation agreement between Plaintiff and the decedent, Plaintiff waived her rights as the beneficiary of his MetLife life insurance policy.  *See Young v. Anne*

*Arundel Cty.*, 807 A.2d 651 (Md. Ct App. 2002) (holding language stating that the ex-wife "waives *any interest* of any nature thereunder in those accounts" was sufficient to encompass a waiver of her survivorship rights to her ex-husband's annuity).  MetLife released the life insurance proceeds to Lynette Pajotte as personal representative of Tyson's estate as the law requires in the absence of a beneficiary.  *See Urquhart v. Alexander & Alexander, Inc.,* 147 A.2d 213, 220 (Md. 1958) ("holding where no beneficiary is designated and the policy does not cover such a contingency, the fund belongs to the insured's estate and the executor or administrator can collect").  Therefore, MetLife made payment to Tyson's estate in good faith reliance on the marital separation agreement and Maryland law.

Plaintiff's declaratory judgment claim against MetLife fails for the additional reason that there is not an actual controversy between Plaintiff and MetLife. *See Sterling*, 943 F. Supp. 2d at 600 ("a plaintiff seeking declaratory relief must show that he is in danger of being injured by the opposing party's conduct and that the danger is both real and imminent and neither conjectural nor hypothetical.").  As Plaintiff noted in her Motion, MetLife released the life insurance proceeds to Defendant Lynette Pajotte, as the personal representative of the decedent's estate, in reliance on the marital separation agreement. (ECF 91-1 at 6).  Accordingly, even if the Court were to find that Plaintiff was the proper beneficiary of the life insurance proceeds, she could only recover the proceeds from the decedent's estate and would not be entitled to double recovery from both the estate and MetLife.

III.   **CONCLUSION**

Almost a year has passed since the expiration of Plaintiff's deadline to join parties or amend her pleadings.  Plaintiff has failed to demonstrate good cause to justify her lack of diligence in requesting leave to amend her pleadings, as required by Fed. R. Civ. P. 16.  Even if

Plaintiff could show good cause, Plaintiff's proposed amendments would be futile, and leave should be denied pursuant to Fed. R. Civ. P. 15.  By denying Plaintiff's Motion for Leave to File a Fourth Amended Complaint, Defendants respectfully request that this Court declare the First Amended Complaint will serve as the operative Complaint, for the reasons stated herein and in MetLife's pending Motions to Strike and/or Dismiss the Second and Third Amended Complaints.

WHEREFORE, in consideration of the foregoing grounds and the record herein, Defendants jointly oppose Plaintiff's Motion for Leave to File a Fourth Amended Complaint, and request that this Court deny the same, thereby declaring the First Amended Complaint will serve as the operative Complaint in this action, and granting to Defendants any such other and further relief as this Court deems just and proper.

Dated: February 16, 2018

Respectfully submitted,

| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY** | **METROPOLITAN LIFE INSURANCE COMPANY** |
|---|---|
| _/s/ M. Richard Coel_ | _/s/ Brendan Ballard_ |
| M. Richard Coel (Bar No. 18217) | Brendan Ballard (Bar No. 17947) |
| Office of General Counsel | Eversheds Sutherland, LLP |
| Washington Metropolitan Area Transit Authority | 700 Sixth Street, NW, Suite 700 |
| 600 Fifth Street, NW | Washington, DC 20001 |
| Washington, DC 20001 | T: (202) 383-0820 |
| T: (202) 962-6096 | F: (202) 637-3593 |
| F: (202) 962-2550 | E: brendanballard@eversheds-sutherland.com |
| E: RCoel@wmata.com | |

And

**LYNETTE PAJOTTE, individually, and as Personal Representative of the Estate of Tyson C. Pajotte**

 */s/ Samantha Hailey-Granderson*
Samantha Hailey-Granderson (Bar No. 06287)
Bacon, Thornton & Palmer, LLP
Capital Office Park
6411 Ivy Lane, Suite 500
Greenbelt, MD 20770-1411
T: (301) 345-7001
F: (301) 345-7075
E: sgranderson@lawbtp.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically served on all counsel of record via the Court's CM/ECF system.

_/s/ M. Richard Coel_____
M. Richard Coel