**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division**

DENISE PAJOTTE

**PLAINTIFF**

V.

LYNETTE PAJOTTE, *et al*

**DEFENDANT**

Civil Case No.:8:17-cv-03704

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSITION TO HER MOTION FOR
VOLUNTARY DISMISSAL WITHOUT PREJUDICE OR IN THE ALTERNATIVE
TO REMAND TO STATE COURT**

Denise Pajotte, ("Plaintiff"), by her undersigned counsel, responds to the Defendants opposition to Plaintiff's Motion for Voluntary Dismissal without Prejudice or in the Alternative to Remand to State Court (the "Motion") and for reasons state:

**I.   PRELIMINARY STATEMENT**

A substantial portion of the Defendants response was used to cast aspersions on undersigned counsel representation of her client in this matter, which is nothing more than purposeful hyperbole and abstruse legal reasoning. As will be discussed *infra*, Plaintiff has been diligent in her prosecution of this case, despite the Defendants self-serving mischaracterizations. The Defendants opposition seems rooted not in prejudice, but instead a desire to avoid the case being tried on its merits.

**a)   Defendants Have Failed To Meet Their Burden Proving Prejudice With
Particularity; Not Just Specious Innuendos And Meandering Allegations**

Perhaps predictably, Defendants opposition (behind the safety of a keyboard, *sans* any evidence of even meaningful allegation) to the Motion, is that, according to them, Plaintiff's

1

counsel has not been diligent in her representation of the Plaintiff, Defendants have expended significant resources and that the Plaintiff is attempting to correct the poor management of this case, less she get a second bite at the apple. The reality is much less sensational.

Drilling down a bit, though, the Defendants reasoning in support of their objection to the motion evaporates quickly. The plain language of FRCP 41 itself mandates the granting of Plaintiff's Motion. The purpose of Rule 41(a)(2) is [f]reely to allow voluntary dismissals unless the parties will be [unfairly prejudiced]. See _Ellett Bros., Inc. v. U.S. Fidelity & Guar. Co._, 275 F.3d 384, 388 (4th Cir. 2001)("A plaintiff's motion to voluntarily dismiss a claim should not be denied absent plain legal prejudice to the defendant."); See also _Davis v. USX Corp._, 819 F.2d 1270, 1273 (4th Cir. 1987) (citation omitted finding that "a plaintiff's motion to voluntarily dismiss a claim will not be denied "absent plain legal prejudice to the defendant.

Instead of analyzing the actually relevant statutory language or prevailing case law, the Defendants resort to euphemistic descriptions of the procedural posture of the case and personal attacks on undersigned counsel. This is regrettable.

The Defendants recounting of the procedural history and milestones in this matter is hardly comprehensive or a fair assessment of the litigation landscape. That said, a more in-depth analysis reveals the entire history of the litigation, and why there is no prejudice to Defendants or lack of diligence on behalf of the Plaintiff to deny the motion. The relevant portion of the litigation is outlined below:

| Date | Party | Description |
|---|---|---|
| November 6, 2016 | Denise Pajotte | Complaint and Jury Trial Prayer |
| November 28, 2016 | Denise Pajotte | Service on Defendants' Estate and Pajotte |
| December 20, 2016 | Denise Pajotte | Plaintiff propounds discovery on Defendant Pajotte |
| December 17, 2016 | Defendants Estate and Pajotte | Defendants' Answer to Complaint |
| January 26, 2017 | Defendants Estate and Pajotte | Defendants' Second Answer to Complaint |
| August 14, 2017 | Denise Pajotte | Filed Second Amended Complaint adding Defendant Metropolitan Life to |

| | | Complaint based on the facts discovered through independent investigation and Discovery. |
|---|---|---|
| **September 18, 2017** | Denise Pajotte | Served Defendant MetLife with Complaint. |
| **September 27, 2017** | MetLife | First Motion to Dismiss |
| **October 6, 2017** | MetLife | Amended Motion to Dismiss |
| **October 19, 2017** | Denise Pajotte | Response to MetLife's Motion to Dismiss |
| **October 19, 2017** | Denise Pajotte | Motion for Leave to Amend Complaint to Add Defendant WMATA |
| **October 19, 2017** | Denise Pajotte | Third Amended Complaint filed |
| **October 19, 2017** | Denise Pajotte | Motion to Amend Scheduling Order for additional discovery, since, Defendants' MetLife and WMATA were newly added to the Complaint. |
| **November 15, 2017** | Estate & Pajotte | Motion for Summary Judgment ("Untimely") filed. |
| **November 21, 2017** | MetLife | Second Motion to Dismiss, where they argued, among others, that the Circuit Court should not treat their Motion as one for Summary Judgment. |
| **December 4, 2017** | Denise Pajotte | Response to MetLife's Motion to Dismiss |
| **December 4, 2017** | Denise Pajotte | Motion to Strike Defendants' Estate and Pajotte's untimely Motion for Summary Judgment. |
| **December 4, 2017** | Denise Pajotte | Motion to Strike Reply of Defendant MetLife to her Opposition to their Motion to Dismiss |
| **December 4, 2017** | Denise Pajotte | Response to MetLife's Motion to Strike Plaintiff's Third Amended Complaint |
| **December 13, 2017** | MetLife | Motion to Strike Plaintiff's Trial Subpoena's |
| **December 13, 2017** | All Parties | Joint Motion to Amend Scheduling Order and Vacate Trial Date |
| **December 14, 2017** | WMATA | Removal to U.S. District Court of Maryland- Greenbelt Division |

Additionally, before litigation began, the Plaintiff via the undersigned subpoenaed documents from Defendant MetLife. The documents related to an Estate Case on behalf of the Decedent, which included evidence that the Plaintiff will use at a trial on the merits in this case, substantially narrowing the scope of discovery. **See Exhibit A** (documents are not provided with this Response). It is abundantly clear that the Plaintiff litigated the case with diligence. Moreover, Plaintiff was prepared for the trial scheduled by the state court on January 8, 2018. In addition, Trial subpoenas to witnesses were issued, which the Defendant MetLife moved to

quash, reciting boilerplate objections and legal conjecture. In addition, Plaintiff's witnesses were ready and prepared for trial. **See Exhibit B**.

In a tortured effort to bring home their argument of *prejudice,* hook, line and sinker, the Defendants surmises that the Plaintiff is simply attempting to dismiss, according to the Defendants, to "Wipe the Slate Clean", because of her lack of diligence and her improper attempt to use the dismissal to avoid an adverse ruling. The Defendants are not clairvoyant to speculate on the alleged legal reasons for Plaintiff requesting voluntary dismissal of her complaint. Those reasons have been succinctly outlined in her Motion and does not require speculation, assumptions or inferences from the Defendant. The Fourth Circuit has held that neither the mere prospect of a second lawsuit, nor the possibility that the plaintiff will gain a tactical advantage, such as that which would be gained by re-filing in State Court, are sufficient to deny a Motion for Voluntary Dismissal. See *Teck Gen. P'ship v. Crown Cent. Petroleum Corp.,* 28 F. Supp. 2d 989, 991 (E.D. Va 1998);See also *McCoy*, 2012 U.S. Dist. LEXIS 146806, at *6 (E.D. Va.) ("[T]he possibility that the plaintiff might gain a tactical advantage over the defendant in future litigation likewise is not sufficient basis for denying a motion for voluntary dismissal.") See also *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) ("[L]egal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal.");

Prejudice Eviscerated. As outlined in Plaintiff's motion and restated herein, In the Circuit Court proceeding, the Defendants filed a Motion for To Vacate the January 8, 2018, trial date and for an amendment to the scheduling order, which included, a revised discovery schedule. See Record.

It is quite easy to throw around the word *prejudice* with accusations masquerading as legal arguments. However, in their response to the Plaintiff's motion, the Defendants have stated no reason as to why they would suffer a loss of any substantial rights if the Court would grant the motion in order to overcome Plaintiff right to dismiss her complaint without prejudice.

Defendants must demonstrate "plain legal prejudice", which is considered by weighting four factors; (1) the non-moving party's effort and expense in preparing for litigation; (2) excessive delay or lack of diligence on the part of the moving party; (3) sufficiency of explanation of the need for a dismissal without prejudice; and (4) the present stage of the litigation. The Defendant has carried their burden. See <u>Wilson v. Eli Lilly & Co,</u>, 222 F.R.D. 99, 100 (D.Md. 2004).

In <u>Levy v. AUSLANDER CORPORATION</u>, Dist. Court, D. Maryland 2015, Defendant's argued that dismissing without prejudice would be inappropriate because the claims are substantially without merit and that the Defendants would greatly (like Defendants in the instant complaint) be prejudiced because they have already briefed a motion to dismiss and that they have spent a considerable time and expenses on the Motion. In granting Plaintiff's Motion for Voluntary Dismissal, the court, in relying on <u>Howard v. Inova Health Care Servs</u>., 302 F.App'x 166, 179 (4th Cir. 2008), found that the Fourth Circuit agreed that "courts often grant motions to dismiss voluntarily without prejudice even after a case has progressed to summary judgment or beyond". See *Howard*, 302 F.App'x at 179-80. In dismissing, the court noted, like the instant matter, that there has been no Scheduling Order, nor has any discovery been taken. Moreover, the court found that the Defendants had not demonstrated that they had expended extensive time or incurred great expense outside the preparation of the Motion to Dismiss and that in light of the same, Defendants failed to show prejudice sufficient to warrant denial of the Plaintiff's Motion.

Like the *Howard* and *Levy* opinions, Defendants have espoused similar arguments that they have expended "[g]reat" expense litigating Plaintiff's six[1] proposed complaints in this case. Moreover, Defendant MetLife takes issue with the Plaintiff suing them in tort[2], for their tortious actions in the handling of the insurance policy proceeds, which is unrelated to the instant matter. As Defendant MetLife is well aware, having litigated the similar issues across the United States, Declaratory Judgment actions such as the instant matter are neither legal nor equitable. See *Gulfstream Aerospace Corp. v. Mayacamas Corp*., 485 U.S. 271 (1988), finding "actions for declaratory judgment are neither legal nor equitable….." Id. at 284. MetLife is not an interpleader[3] in this case, thus, enjoys no "immunity" from tort actions arising under its actions related to payment of insurance proceeds. The Defendants are attempting to use an unrelated action as a *red herring* to bootstrap their argument of prejudice and to characterize the Plaintiff' as a "serial" complaint filer; obviously, in their attempts to cast her in a negative light.

As indicated *supra*, Defendant MetLife was served with the Complaint on September 18, 2017. Defendant WMATA was proposed to be added on October 19, 2017. The only substantial motions filed below by Defendant MetLife was a Motion to Dismiss, Motion to Strike and Motion to Quash; WMATA was a Notice of Removal. Although there has been some motions practice in this court, it was not substantial to rise to the level "great" as characterized by the Defendants.

---

[1] The Defendants are attempting to conflate and mischaracterize the number complaints filed by the Plaintiff. In fact, Plaintiff did not propose six (6) complaints. Moreover, it is important to note that Defendants' MetLife and WMATA were added as to this case in the latter part of 2017, so great expense is clearly doubtful.

[2] Plaintiff has filed suit against MetLife in Tort, in Prince George's County Circuit Court, for its negligent conduct in the handling of the policy funds, which action is separate from this case.

[3] Federal Rules of Civil Procedure 22 allows insurance companies, such as Defendant MetLife to bring an interpleader claim, when they reasonably believe that they may be exposed to double or multiple liabilities. MetLife did chose to pay the proceeds to the Defendant Estate, thus, failing to avail themselves of the protections afforded by Fed. R. Civ. P. 22.

**b)  In the Alternative Remand to State Court Would Be Appropriate**

On a motion to remand, a court must "'strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court.'" *Stephens v. Kaiser Found. Health Plan of the Mid-Atlantic States, Inc.*, 807 F. Supp. 2d 375, 378 (D. Md. 2011) (quoting *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701–02 (D. Md.1997)). "The burden of establishing federal jurisdiction is placed upon the party seeking removal, and because of the 'significant federalism concerns' implicated by divesting a state court of jurisdiction, removal jurisdiction is strictly construed." Id. (quoting *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). "If federal jurisdiction is doubtful, a remand is necessary." Id.(citation omitted).

Defendant WMATA goes through great lengths to demonstrate that somehow undersigned counsel admitted, as characterized by the Defendant, that the claims against them were filed in bad faith, because, according to the Defendant, Plaintiff should have been aware of the lack of a legal basis to pursue ERISA claims at least based on their counsels December 5, 2017, correspondence (the "Correspondence"). First, in its December 5, 2017, correspondence, Defendant WMATA never stated that it was not the plan administrator. **See Exhibit C**. Moreover, WMATA simply stated that they do not fall under the scope of ERISA, which, Plaintiff found objectionable. Had Defendant WMATA disclosed that MetLife was in fact the plan administrator, thus, the proper party to be sued, the parties would not be at this juncture. It would appear to further its apparent strategy of stratagem[4], the parties concealed that pertinent fact from Plaintiff's counsel. In fact, undersigned counsel have had discussions with MetLife's counsel prior to their filing of the response to Plaintiff's Motion for Leave to File Fourth Amended Complaint and not once did she disclose that MetLife was the plan administrator. So any allegation of prejudice, harm or expenses incurred is as a result of Defendant WMATA's

---

[4] A plan or scheme, especially one used to outwit an opponent or achieve an end.  See Black's Law Dictionary.

lack of diligence and not of the Plaintiff.  Furthermore, without the benefit of discovery, Plaintiff

verified, through the Decedent's union, Amalgated Transit Union, local 689 ("ATU"), website,

that the Designated Plan Administrator was Transit Employee Health and Welfare Plan

(hereinafter "TEHW"). Based on the Defendants representations that Defendant MetLife was the

plan administrator, which was contrary to union's website, Plaintiff did not included TEHW with

her proposed Fourth Amended Complaint ("FAC").

Defendant WMATA also advances arguments that Plaintiff has violated Fed. R. Civ. P.

11[5] in bringing her claims against them, which Plaintiff vehemently denies. Defendant WMATA

continues to advance esoteric legal arguments, not based in fact or law. This request should be

denied in its entirety.

As indicated in Plaintiff's Motion for Voluntary Dismissal, which bears repeating, there

are no federal questions and remand, in the alternative, would serve the interest of justice in this

case. If a civil action is not based on a question of federal law, then a federal court may only

exercise original jurisdiction based on diversity of citizenship." Id. As the Supreme Court has

noted, "[i]ncomplete diversity destroys original jurisdiction with respect to all claims." _Exxon

Mobil Corp. v. Allapattah Servs_., 545 U.S. 546,554 (2005). In the instant matter, diversity has

not been reached because Defendants" Pajotte and Estate are citizens of Maryland. Moreover,

the amount in controversy is less than seventy-five thousand dollars ($75,000).

---

[5] As a condition precedent to requesting Rule 11 sanctions, Defendant was required to  make  a motion for sanctions separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). See Fed. R. Civ. P. 11(c)(2). Rule 11 has a "safe harbor" provision, which requires a party seeking sanctions to serve the Rule 11 motion on the opposing party at least 21 days before filing the motion with the court; this provides an opportunity for withdrawal or correction of the challenged pleading. Because the safe harbor provision is not jurisdictional, this defense is waived if not properly asserted. _Bond v. Blum_, 317 F.3d 385, 400 (4th Cir. 2003)(citing _Rector v. Approved Fed. Savings Bank_, 265 F.3d 248 (4th Cir. 2001)).

## II.    CONCLUSION

For the reasons identified above, Plaintiff requests that the Court grant Plaintiff's motion to voluntarily dismiss this case without prejudice and for such other relief as may be deemed just and proper, and in the alternative that the matter be remanded to State Court.

Respectfully Submitted,

THE LAW OFFICES OF JESSIE LYONS
CRAWFORD, LLC

/s/ Jessie Lyons Crawford
_____
**JESSIE LYONS CRAWFORD, Esq.**
**COUNSEL TO PLAINTIFF**
Federal Bar No.: 25247
2601 Maryland Avenue
Baltimore, Maryland 21218
410-662-1230
F: 410-662-1238
E. attorneyjlcrawford@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that to the best of my knowledge, information, and belief that on this 9th day of April 2018, a copy of the forgoing Response to Defendant's Opposition to Motion for Voluntary Dismissal was served in accordance with the Court's ECF Filing Notice System to:

Samantha Granderson, Esquire
BACON, THORNTON, & PALMER, LLP
6411 Ivy Lane, Suite 500
Greenbelt, MD 20770
Attorney for the Defendants
Lynette Pajotte and Estate of
Tyson Pajotte
*Via Electronic Notice*

Gail L. Westover, Esquire
Gerin Brendan Ballard, Esquire
EVERSHEDS SUTHERLAND
700 Sixth Street, NW, Suite 700
Washington, DC 20001
*Via Electronic Notice*

M. Richard Coel, Esquire
Office of General Counsel
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
600 Fifth Street, NW
Washington, DC 20001
*Via Electronic Notice*

Jim Carbine, Esquire
JAMES E. CARBINE, P.C.
711 W. 40th Street
The Rotunda, Suite 356
Baltimore, Maryland  21211
Attorney for Reliastar Insurance
*Via First Class Mail Postage Prepaid*

/s/ Jessie Lyons Crawford
_____

**JESSIE LYONS CRAWFORD, Esq.**
**COUNSEL TO PLAINTIFF**