**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| DENISE PAJOTTE<br><br>**PLAINTIFF**<br><br>V.<br><br>LYNETTE PAJOTTE, *et al*<br><br>**DEFENDANT** | Civil Case No.:8:17-cv-03704 |

## PLAINTIFF'S MOTION TO REMAND TO STATE COURT

**NOW COMES**, Denise Pajotte, (the "Plaintiff"), by her undersigned counsel, pursuant to 28 U.S. Code § 1447, moves this Court to remand this case back to the Circuit Court for Prince Georges County. Remand is appropriate because there is no basis for this Court to exercise jurisdiction over the state law claims alleged by Plaintiffs in their Complaint. Diversity jurisdiction is not alleged, and there is no basis for federal question jurisdiction obvious on the face of the Complaint, nor does the resolution of Plaintiff's claims necessarily involve a federal issue.

### I.    PROCEDURAL POSTURE FROM STATE COURT

| Date | Party | Description |
|---|---|---|
| **November 6, 2016** | Denise Pajotte | Complaint and Jury Trial Prayer |
| **November 28, 2016** | Denise Pajotte | Service on Defendants' Estate and Pajotte |
| **December 20, 2016** | Denise Pajotte | Plaintiff propounds discovery on Defendant Pajotte |
| **December 17, 2016** | Defendants Estate and Pajotte | Defendants' Answer to |

| | | |
|---|---|---|
| | | Complaint |
| **January 26, 2017** | Defendants Estate and Pajotte | Defendants' Second Answer to Complaint |
| **August 14, 2017** | Denise Pajotte | Filed Second Amended Complaint adding Defendant Metropolitan Life to Complaint based on the facts discovered through independent investigation and Discovery. |
| **September 18, 2017** | Denise Pajotte | Served Defendant MetLife with Complaint. |
| **September 27, 2017** | MetLife | First Motion to Dismiss |
| **October 6, 2017** | MetLife | Amended Motion to Dismiss |
| **October 19, 2017** | Denise Pajotte | Response to MetLife's Motion to Dismiss |
| **October 19, 2017** | Denise Pajotte | Motion for Leave to Amend Complaint to Add Defendant WMATA |
| **October 19, 2017** | Denise Pajotte | Third Amended Complaint filed |
| **October 19, 2017** | Denise Pajotte | Motion to Amend Scheduling Order for additional discovery, since, Defendants' MetLife and WMATA were newly added to the Complaint. |
| **November 15, 2017** | Estate & Pajotte | Motion for Summary Judgment ("Untimely") filed. |
| **November 21, 2017** | MetLife | Second Motion to Dismiss, where they argued, among others, that the Circuit Court should not treat their Motion as one for Summary Judgment. |
| **December 4, 2017** | Denise Pajotte | Response to MetLife's Motion to Dismiss |
| **December 4, 2017** | Denise Pajotte | Motion to Strike Defendants' Estate and Pajotte's untimely Motion for Summary Judgment. |
| **December 4, 2017** | Denise Pajotte | Motion to Strike Reply of Defendant MetLife to her Opposition to their Motion to Dismiss |
| **December 4, 2017** | Denise Pajotte | Response to MetLife's Motion |

| | | |
|---|---|---|
| | | to Strike Plaintiff's Third Amended Complaint |
| **December 13, 2017** | MetLife | Motion to Strike Plaintiff's Trial Subpoena's |
| **December 13, 2017** | All Parties | Joint Motion to Amend Scheduling Order and Vacate Trial Date |
| **December 14, 2017** | WMATA | Removal to U.S. District Court of Maryland- Greenbelt Division |

## II. FACTUAL ALLEGATIONS

Tyson Pajotte ("Decedent") and Plaintiff were married in civil ceremony on December 8, 1979 (the "Marriage"). During their married life, the Decedent obtained the two group policies insuring his life; the insured had obtained life insurance policies ('the "Policies") from the MetLife and Voya Life Insurance Company ("Voya") now known as RLIC. In both policies, Plaintiff was the named beneficiary. The policies reserved the right of the insured to change the beneficiary named in the policies unless there had been an irrevocable designation of beneficiary. Plaintiff had not been named as an irrevocable beneficiary.

Thereafter, the parties separated due to marital problems. On or around, October 26, 2006, (the "Separation Date"), Plaintiff and Decedent executed a separation agreement (the "Agreement"), which contained a mutual waiver of marital property (the "Waiver") including each other rights in waiving any rights to the other's insurance policies. The Agreement did not speak to the right of either party to designate the other as a beneficiary in any insurance policy in the future.

The Agreement required the parties to execute the necessary documents to remove beneficiaries from the policies as a condition precedent to making the waiver final. Plaintiff took the necessary steps to remove the Decedent from her life insurance policies. Decedent took no steps to remove Plaintiff as beneficiary from either of his policies, including his retirement fund with Washington Metropolitan Transit Authority ("WMATA").

Decedent and Plaintiff divorced on November 2, 2006 and not less than twenty (20) days later, the Decedent remarried the Defendant. On November 20, 2006, Decedent married Defendant Pajotte thus; her marriage to Decedent is not legal. During the period of marriage to Defendant Pajotte, Decedent did not remove Plaintiff from his insurance policies, despite numerous opportunities and invitations from MetLife and Voya to do so.

On July 13, 2016, the Decedent suddenly and without warning passed away. On July 30, 2016 (the "Burial Date"), the Decedent was interned. Plaintiff and Defendant Pajotte both made a claim for benefits against the Life Insurance Policies. Plaintiff claimed that she is entitled, because she is the named beneficiary. Decedent had the right, authority and control over the said policies and whom he would appoint as the beneficiaries named in the policies and did not remove Plaintiff as the beneficiary of the Policy, nor did he replace Plaintiff with Defendant Pajotte as the beneficiary. Further, Plaintiff alleges that Decedent had

twelve (12) years to change the policies, had control over the policies and had not taken any steps to remove Plaintiff as beneficiary from either policy.

Moreover, the Agreement required him to take the steps. Thus, Plaintiff avers that based on the statements herein and other evidence, the Decedent intended Plaintiff to remain as beneficiary on both policies. Plaintiff also asserts that she had no interest in a life insurance policy to waive. A designated beneficiary has no interest in a life insurance policy until the insured is deceased. Further, a beneficiary has no control over a policy to entitle her to say what shall be done with it, or control the change in beneficiaries, or other dealings, during the lifetime of the holder of the policy. It is only after the death of the holder that such interests or rights attach to the proceeds. Denise's right as a beneficiary was established at the time of the Decedents death and not at the time of the agreement.

Defendant Pajotte argues that Plaintiff waived her right to be designated as a beneficiary and believes that the life insurance benefit should be paid to the Estate of Tyson Pajotte ("Defendant Estate"). Defendant Estate was not named as a beneficiary in either policy. Defendant Pajotte ignores the possibility that the Decedent did not wish to change the beneficiary of the policies, because he took no action what so ever to change the beneficiary on his policy.

Defendant Metropolitan Life ("MetLife") and Relistar Life Insurance Company ("RLIC") have received claims from both parties and are withholding payment until the Court decides the issue of who is entitled to the funds. Defendant RLIC has filed an interpleader action and has deposited the insurance proceeds into the courts registry. Defendant MetLife has chosen to deposit the life insurance proceeds into the Estate.

The Plaintiff made a claim to both insurance companies. MetLife denied the claim based on the incorrect representations from Defendant Pajotte that the Plaintiff waived her rights to be the beneficiary and that the funds belong to the Estate. MetLife did release the funds to the Personal Representative without notice to Plaintiff, even after having proper notice that Plaintiff was claiming an interest in the insurance proceeds. MetLife also advised Plaintiff that it would not pay out the funds until this controversy was resolved. Plaintiff is the only beneficiary named on the policy with no changes made by the decedent. Defendant is the Personal Representative of the Estate and a purported beneficiary. Both parties have sufficient legal interest in the outcome of the Court's decision as it will define the rights of the parties as to who is entitled to the funds.

Plaintiff's right as a beneficiary was established at the time of the Decedents death. There exists an actual controversy of a justiciable issue between Plaintiff and Defendant Pajotte, individually and as personal representative of the Estate within

the jurisdiction of this Court, involving the rights and liabilities of the parties. There exists an actual controversy of a justiciable issue between Plaintiff and MetLife, within the jurisdiction of this Court, involving the rights and liabilities of the parties. Antagonistic claims are present between the parties. These claims indicate imminent and inevitable litigation.

### III.  STANDARD OF REVIEW

On a motion to remand, a court must "'strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court.'" _Stephens v. Kaiser Found. Health Plan of the Mid-Atlantic States, Inc_., 807 F. Supp. 2d 375, 378 (D. Md. 2011) (quoting _Richardson v. Phillip Morris, Inc._, 950 F. Supp. 700, 701–02 (D. Md.1997)). "The burden of establishing federal jurisdiction is placed upon the party seeking removal, and because of the 'significant federalism concerns' implicated by divesting a state court of jurisdiction, removal jurisdiction is strictly construed." Id. (quoting _Mulcahey v. Columbia Organic Chems. Co_., 29 F.3d 148, 151 (4th Cir. 1994)). "If federal jurisdiction is doubtful, a remand is necessary." Id.(citation omitted)

The Fourth Circuit Court of Appeals has observed that 28 U.S.C. § 1441 "generally makes removal appropriate in three circumstances, demonstration of which is the burden of the party seeking removal." _Lontz v. Tharp_, 413 F.3d 435, 439 (4th Cir. 2005); see _Mulcahey v. Columbia Organic Chems. Co_., 29 F.3d 148,

151 (4th Cir. 1994). These are: (1) "if the parties are diverse and meet the statutory requirements for diversity jurisdiction;" Id.; see 28 U.S.C. §§ 1332, 1441(b) (2000); (2) "if the face of [plaintiff's] complaint raises a federal question;" Id.; see § 1441(b); *King v. Marriott Int'l, Inc.*, 337 F.3d 421, 424 (4th Cir. 2003); or (3) if there is complete preemption. *Lontz*, 413 F.3d at 439-40 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)) ("if the subject matter of a putative state law claim has been totally subsumed by federal law-such that state law cannot even treat on the subject matter-then removal is appropriate."); see *Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S.Ct. 2488, 2494-95, 159 L.Ed.2d 312 (2004); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 23-24, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *King*, 337 F.3d at 424-25. Neither "a federal defense to a state law claim," see *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908), nor a counterclaim can serve as the basis for "arising under" jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys, Inc.*, 535 U.S. 826, 122 S.Ct. 1889 (2002); *Lontz*, 413 F.3d at 439 (quoting *Gully v. First Nat'l Bank,* 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936) ("Thus, the Supreme Court unwaveringly has maintained that '[t]o bring a case within [§ 1441], a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.' ")); *King*, 337 F.3d at 424.

## IV. LEGAL ARGUMENT

### a) Remand is appropriate because Plaintiff has consented to Defendant WMATA's Motion to Dismiss.

Simultaneous with the filing of this Motion, Plaintiff filed a line consenting to the Defendant's Motion to dismiss, as such; a federal question no longer exists. Specifically, the basis of Defendant's removal was based on Plaintiff's Proposed Third Amended Complaint[1] which alleged Employee Retirement Income Security Act ("ERISA") claims against WMATA. Moreover, because this case lacks complete diversity, this Court must remand this case back to State Court, pursuant to 28 U.S. Code § 1447(c). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (emphasis added) (affirming remand to state court).

Here, where there is no "diversity of citizenship, federal-question jurisdiction is required." <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (emphasis added) (affirming remand to state court).

---

[1] On December 5, 2017, Plaintiff filed a Motion for Leave to File a Third Amended Complaint. The Defendant unilaterally and prematurely removed the Complaint to this Court without waiting for the Circuit Court to rule on Plaintiff's Motion. At the time of this removal, Plaintiff's Amended Complaint was the operative complaint for which the Defendant WMATA was not a party.

The burden of establishing federal question jurisdiction lies with the removing party, and the removal statute must be strictly construed against removal.

Removal is not appropriate and remand is required where a plaintiff's well-pleaded complaint relies solely on state law, and the resolution of a substantial federal question is not required. *Franchise Tax Bd*., 463 U.S. 1 (when the law that creates the cause of action is state law and original federal jurisdiction is unavailable because the lack of a substantial federal question, remand to state court required); <u>Columbia Gas Transmission Corp. v. Drain</u>, 191 F.3d 552, 558 (4th Cir. 1999) (Federal courts do not have jurisdiction when "plaintiff's right to relief does not, as the Supreme Court precedents require, necessarily depend upon resolution of any question of federal law, substantial or otherwise.").

## V.   CONCLUSION

The implications of the well-established, "well-pleaded complaint rule" are crystal clear: there is no federal question jurisdiction supporting removal. Furthermore, comity dictates that Plaintiff be allowed to exhaust her state court claims in State Court.

**WHEREFORE**,  Plaintiff, respectfully request that this matter be remanded to State Court and for such other and further relief as may be deemed just and proper.

Respectfully Submitted,

THE LAW OFFICES OF JESSIE LYONS
CRAWFORD, LLC

/s/ Jessie Lyons Crawford
_____
**JESSIE LYONS CRAWFORD, Esq.
COUNSEL TO PLAINTIFF**
Federal Bar No.: 25247
2601 Maryland Avenue
Baltimore, Maryland 21218
410-662-1230  F: 410-662-1238
E. attorneyjlcrawford@verizon.net

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that to the best of my knowledge, information, and belief that on this 31st day of July 2018, a copy of the forgoing Motion to Remand was served in accordance with the Court's ECF Filing Notice System to:

Samantha Granderson, Esquire
BACON, THORNTON, & PALMER, LLP
6411 Ivy Lane, Suite 500
Greenbelt, MD 20770
Attorney for the Defendants
Lynette Pajotte and Estate of
Tyson Pajotte
*Via Electronic Notice*

Gail L. Westover, Esquire
EVERSHEDS SUTHERLAND
700 Sixth Street, NW, Suite 700
Washington, DC 20001
*Via Electronic Notice*

M. Richard Coel, Esquire
Office of General Counsel
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
600 Fifth Street, NW
Washington, DC 20001
*Via Electronic Notice*

Jim Carbine, Esquire
JAMES E. CARBINE, P.C.
711 W. 40th Street
The Rotunda, Suite 356
Baltimore, Maryland  21211
Attorney for Reliastar Insurance
*Via First Class Mail Postage Prepaid*


/s/ Jessie Lyons Crawford
_____
**JESSIE LYONS CRAWFORD, Esq.**
**COUNSEL TO PLAINTIFF**