IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

DENISE PAJOTTE

**PLAINTIFF**

V.

LYNETTE PAJOTTE, *et al*

**DEFENDANT**

Civil Case No.:8:17-cv-03704

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

**NOW COMES**, Denise Pajotte, (the "Plaintiff"), by her undersigned counsel and responds to the Defendants Opposition to Her Motion to Remand and for reasons state:

1. In its response to the Plaintiff's Motion to Remand, the Defendant Metropolitan Life[1] ("MetLife") argues that Plaintiff [d]isobeyed a court order. According to MetLife, Plaintiff was limited to only filing a reply brief in support of her Motion for Leave to File a Fourth Amended Complaint. Defendant's assertion is incorrect and, if true, deprives the Plaintiff the right to avail herself of Federal Rules and to litigate her case in the manner that is in the best interest of the Plaintiff's case. Plaintiff requested leave to file her reply, which this court granted. The

---

[1] No other Defendants filed an Opposition to Plaintiff's Motion to Remand, thus, this Court should treat the Motions as unopposed. Dede

1

undersigned's Motion for Leave filed with this Court was clear that the undersigned did not have ample time to read, research and address the response. Further, Plaintiff's attorney is required by the ethics rules of the Maryland Bar Association to employ due diligence in representing the Plaintiff. The undersigned is required to put forth the best approach in securing the Plaintiff's right to have her case heard on the merits. The Defense's only goal is to deprive the Plaintiff of this right to be heard by attaching the decision to file a Motion to Remand and to a Consent to Dismiss WMATA. This decision was appropriate in this case and is in consideration of judicial economy, convenience, fairness, and comity as well as securing the Plaintiff's right to have her case heard on the merits. In her Response to the Plaintiff's Motion to Remand, the Defendant did not refer to a case decision or a Federal Rule that precluded the Plaintiff from choosing to request a remand. There was nothing procedurally or legally improper about such a filing, as espoused by Defendant.

2. Second, the Defendant argues in her response that Plaintiff violated this Court's December 29, 2017 Case Management Order ("CMO"), with her recent filings. The CMO specifically states that " this Standing Case Management Order (the "Case Management Order") shall govern in all civil proceedings before **[Judge Chuang]** that were filed on or after January 1, 2016, until and unless expressly

superseded". It is undisputed, that the parties unanimously consented[2] to United States Magistrate Judge Timothy J. Sullivan conducting any and all proceedings in this case, including trial, and order the entry of final judgment[3]. Since Judge Chuang is no longer assigned to this case and because Judge Sullivan has not expressly adopted the CMO, Plaintiff avers that the CMO is no longer applicable to the instant proceedings. Further, the Plaintiff filed a Motion for Leave, which the Defendant did not object to until the undersigned filed the Motion to Remand.  With all do respect, the Defense Counsel for Metropolitan is hoping to cause the Plaintiff to be deprived of her right to have the case heard on the merits on a mere technicality. Further, she is attempting to attack the competency of the undersigned attorney.  This case is not about the undersigned.  It is about the Plaintiff having been deprived of her right as a beneficiary to a life insurance policy issued by Metropolitan who refused to issue payment to the Plaintiff when the primary perished.  A mere technically as the one alleged herein does not serve justice to deprive the Plaintiff of her right to be heard on the merits of her claim.

3. Federal courts have discretion to exercise pendent jurisdiction over state-law claims when the case involves a federal question. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Courts also have discretion to maintain pendent

---

[2] Docket entries 85,88,89 & 90
[3] FRCP 73(a), states that "When authorized under 28 U.S.C. §636(c), a magistrate judge may, if all parties consent, conduct a civil action or proceeding, including a jury or nonjury trial.

jurisdiction if, after first asserting pendent jurisdiction upon removal from state court, the federal question in a lawsuit is removed or dismissed. Thus, the mere removal of federal claims from a lawsuit does not immediately strip a federal court's jurisdiction. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1998). [N]onetheless, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward [d]eclining to exercise jurisdiction over the remaining state-law claims. After WMATA is dismissed, the Pajotte case does not have any other federal claims. Further, litigation of this matter may involve discovery based on State Law. The best venue is State Court.

4. The Supreme Court in *Cohill,* 484 U.S. at 357 stated that "This concern [about forum manipulation] . . . hardly justifies a categorical prohibition on the remand of cases involving state-law claims."); see also, T*aylor v. Giant Food, Inc*., 2004 WL 2191715 (D.Md. Sept. 13, 2004). In *Taylor*, the Court has addressed remand and concluded that remand was appropriate. The *Taylor* Court assumed for purposes of analysis that the Plaintiffs had dismissed their federal claims for the sole purpose of causing the case to be remanded back to state court. Id. at ¶2. The Court noted that: "While Plaintiffs may be attempting to avoid federal jurisdiction by amending the complaint, . . . such a reason ,. . . does not diminish the right of these

plaintiffs to set the tone of their case by alleging what they choose.'"") (quoting *McGann v. Mungo*, 578 F. Supp. 1413,1415 (D.S.C. 1982)) see also see also, *Berry v. PLC, Inc*., Civil Action No. 06-0006, 2006 WL 1042373 (D. Md. Apr. 20, 2006).

    5.    Defendant espoused several arguments that Plaintiff made numerous misrepresentations[4] to the Court and engages in dilatory tactics. Defendant's arguments lack any basis in fact or truth and again amount to purposeful hyperbole and abstruse legal reasoning. The history of Plaintiff's efforts has been succinctly outlined in her pleadings. It is important and relevant to note that Plaintiff did not remove this matter to this Court. The Defendants, without the Plaintiff, consented to remove the case to Federal Court and to forgo a scheduled motions hearing in State Court to address various Motions. See Record. It is at this point when the Defendants decided to move the case to Federal Court knowing the only federal question involved WMATA. Consistent with the strategy of Defendants WMATA and MetLife, they never disclosed that MetLife was the plan administrator until after they removed the case to federal court. See Record. Had WMATA and Metropolitan revealed Defendants closely guarded secret, the Plaintiff would not have added WMATA. Plaintiff has a "right … to set the tone of [her] case by alleging what she choose[s]". T*aylor v. Giant Food, Inc*., 2004 WL 2191715 (D.Md. Sept. 13, 2004).

---

[4] The Defendant has stated no legal or justifiable basis to support their assertions that Plaintiff or her counsel have made "numerous misrepresentations" to this Court. This statement is patently false and should be stricken from the record.

6. Defense Counsel for Metropolitan desires to dictate to the Plaintiff what she should choose for the Plaintiff and if the Plaintiff does not choose in accordance with the strategy of Metropolitan's attorney, then that attorney accuses the Plaintiff of having done something wrong. The Defendants continue to engage in a strategy of stratagem[5] in their attempts to have Plaintiff's claims dismissed on technicalities, less justice triumph. Defendants never espoused to the Court that Plaintiff did not know that WMATA was not the Plan Administrator. See Record.  This behavior could certainly rise to the level of dilatory tactics considering the Defendants, particularly Metropolitan, has caused a tremendous waist of judicial economy and whose attorney harbors continued disregard for judicial economy, convenience, fairness, and comity. This case is in Federal Court because of Metropolitan and could have been avoided had Metropolitan's counsel simply stated in one of the telephone conversations with the undersigned that Metropolitan is the Plan Administrator.

7. Finally, the undersigned counsel rejected this Court's proposed terms for granting her Motion for Voluntary Dismissal because it was not in the best interest of the Plaintiff.  The Court's offer, though thoroughly considered, would effectively deprive the Plaintiff of her right to a trial of the merits and could have caused the undersigned to commit malpractice. Based on the undersigned's research on the Judge's proposal, there was nothing that the Plaintiff or the undersigned have

---

[5] A plan or scheme, especially one used to outwit an opponent or achieve an end.

done that would justify the undersigned dismissing defendants with prejudice and paying their attorney fees. Especially since the very reason the matter is in Federal Court because the Defendant's intentionally withheld information that would have prevented this matter from being removed to Federal Court in the first place. The decision to reject the Court's proposal was well-reasoned by the undersigned as an advocate despite whether the decision is correct. The Defense Counsel has not provided this Honorable Court with any federal rule or case law that would deny the undersigned the opportunity to make decisions in the best interest of her client's case.

8. The Defendant goes on to surmise Plaintiff's bad faith motives and intent for filing her Motion. The Defendants, nor their counsel, are clairvoyant to attempt to discern Plaintiff's motives[6] in prosecuting her claims. Bad faith, however, is clearly shown by the actions of Defense Counsel because the Plan Administrator was never revealed before the case was removed to Federal Court. Once in Federal Court, the Defense counsel began a campaign against the undersigned to discredit the undersigned with this Honorable Court and the Plaintiff's case. This is without ever revealing to the Court that the Defendants caused this waist of judicial economy because the closely guarded secret of the Plan Administrator was imbedded in their

---

[6] Defendant must prove intent by Clear and Convincing Evidence, not mere innuendos and hyperbolic rhetoric.

strategy to have the case dismissed by any means possible.  Moreover, nothing in Defendant's pleadings or otherwise, that demonstrates that Plaintiff has harassed, abused or manipulated any party to this proceeding, as boldly argued by the Defendant in their opposition. Contrary to the Defendant's assertions, judicial economy, fairness, and comity only supports remand.

**WHEREFORE**, Plaintiff, respectfully requests that this matter be remanded to State Court and for such other and further relief as may be deemed just and proper.

>Respectfully Submitted,
>THE LAW OFFICES OF JESSIE LYONS CRAWFORD, LLC
>/s/ Jessie Lyons Crawford
>_____
>**JESSIE LYONS CRAWFORD, Esq.**
>**COUNSEL TO PLAINTIFF**
>Federal Bar No.: 25247
>2601 Maryland Avenue
>Baltimore, Maryland 21218
>410-662-1230  F: 410-662-1238
>E. attorneyjlcrawford@verizon.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that to the best of my knowledge, information, and belief that on this 20th  day of August 2018, a copy of the forgoing Response was served in accordance with the Court's ECF Filing Notice System to:

>Samantha Granderson, Esquire
>BACON, THORNTON, & PALMER, LLP
>6411 Ivy Lane, Suite 500
>Greenbelt, MD 20770
>Attorney for the Defendants
>Lynette Pajotte and Estate of

Tyson Pajotte
*Via Electronic Notice*

Gail L. Westover, Esquire
EVERSHEDS SUTHERLAND
700 Sixth Street, NW, Suite 700
Washington, DC 20001
*Via Electronic Notice*

M. Richard Coel, Esquire
Office of General Counsel
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
600 Fifth Street, NW
Washington, DC 20001
*Via Electronic Notice*

Jim Carbine, Esquire
JAMES E. CARBINE, P.C.
711 W. 40th Street
The Rotunda, Suite 356
Baltimore, Maryland  21211
Attorney for Reliastar Insurance
*Via First Class Mail Postage Prepaid*


/s/ Jessie Lyons Crawford
_____
**JESSIE LYONS CRAWFORD, Esq.
COUNSEL TO PLAINTIFF**