**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| DENISE PAJOTTE | |
| **PLAINTIFF** | Civil Case No.:8:17-cv-03704 |
| V. | |
| LYNETTE PAJOTTE, *et al* | |
| **DEFENDANT** | |

---

## PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT; MOTION FOR NEW TRIAL; MOTION TO REVISE JUDGMENT

**NOW COMES**, Denise Pajotte, (the "Plaintiff"), by her undersigned counsel, pursuant to Fed. R. Civ. P. 59 and Fed. R. Civ. P. 60, moves this Court to Alter or Amend the Judgment, for New Trial and to Revise the Judgment and for reasons state:

### I.    PRELIMINARY STATEMENT

On August 27, 2018, this court entered judgment for the Defendants and against the Plaintiff on all counts, without, providing Plaintiff an opportunity to be heard, which, as will be argue below, is reversible error.

### II.    STANDARD OF REVIEW

**Fed. R. Civ. P. 59.** Under Rule 59(e), the Court will grant a motion to alter or amend an earlier judgment '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Id. (citing *Pac. Ins. Co. v. Am. Na'l Fire Ins. Co*., 148 F.3d 396, 403 (4th Cir. 1998); *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002)). "Rule 59(e) allows the district court to correct its errors and thereby avoid

1

burdening the parties and appellate courts with unnecessary appellate proceedings." Id. (citation omitted).

**Fed. R. Civ. P. 60.** Under Rule 60(b), a party may obtain relief from a judgment or final order based upon (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed.R.Civ.P. 60(b).

### III.   LEGAL ARGUMENT

**a) The Court Committed Reversible Error When It Granted the Estate and Lynette Pajotte's Motion for Summary Judgment Without First Ruling on Plaintiff's Motion to Strike and Providing Plaintiff Time To Respond to the Motion**

This Court ruled that the Plaintiff failed to respond to Defendant's Lynette Pajotte's Motion for Summary Judgment and therefore ruled on the merits. The Court's ruling was not consistent with the record below.  On November 15, 2017, Defendant Pajotte filed an untimely Motion for Summary Judgment (the "Pajotte MSJ"), in violation of the Scheduling Order. Because the Pajotte MSJ violated the Scheduling Order, on December 4, 2017, Plaintiff filed her Motion to Strike the Pajotte MSJ as untimely. **Exhibit A.** It appears the aforementioned motion was omitted from the record below when the matter was removed to this Court.

Plaintiff was entitled to have the Motion ruled on before this court granted the Defendant's MSJ. The Plaintiff was deprived of fundamental due process. As the Defendants have argued, and this Court agreed, this case was in the same posture it was below.

The granting of the Pajotte MSJ violated plaintiff's due process rights because she was deprived an opportunity to be heard. See *Lopez-Collazo*, 105 F. Supp. 3d at 515 (internal quotation marks omitted). See also *Doolin Sec. Sav. Bank, FSB v. FDIC*, 53 F.3d 1395, 1402 (4th Cir. 1995) ("[t]he fundamental requirement of due process is the opportunity to be heard,")( "What the Constitution does require is an opportunity . . . granted at a meaningful time and in a meaningful manner, for a hearing appropriate to the nature of the case.") *Boddie v. Connecticut*, 401 U.S. 371, 378 (1971). Id. (internal quotations omitted). See also *Mora v. City of Gaithersburg*, Md., 519 F.3d 216, 230 (4th Cir.2008)(procedural due process is simply a guarantee" that there is notice and an opportunity to be heard).

In considering a motion for summary judgment, the district court must "view the evidence `in the light most favorable to the'" nonmoving party. *Tolan*, 134 S.Ct. at 1866 (quoting *Adickes v. S.H. Kress & Co*., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). "Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 569*569 (3d ed.1998).[8] The court therefore cannot weigh the evidence or make credibility determinations. *Mercantile Peninsula Bank v. French* (In re French), 499 F.3d 345, 352 (4th Cir.2007) (citing *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505); see also Fed. R.Civ.P. 56 Advisory Committee's Note (1963) ("Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate.").

The Court therefore committed reversal error in not ruling on the Motion  and then providing Plaintiff with an opportunity to respond. Reconsideration is appropriate as to Defendants' Estate and Pajotte's MSJ.

**b) The Court Committed Reversible Error When It Granted MetLife's Motion for Summary Judgement and Motion to Dismiss.**

First, Plaintiff notes that the Court's sole basis for granting MetLife's Summary Judgment Motion was premised on the Court granting of the Pajotte MSJ[1]. For the reasons argued *supra*, this Court must reverse its Summary Judgment findings, also as to MetLife until Plaintiff has had an opportunity to be heard on Defendants' Estate's and Pajotte's MSJ.

Interestingly, the Court also went on to rule on the Motion pursuant to Fed.R. Civ.P. 12(b)(6), citing *collateral estoppel*[2] grounds. In doing so, the Court went outside of the documents incorporated in the Complaint and made specific findings regarding not only as to the controversy of the Complaint, but also whether the Defendant acted in good faith. This Court opinion that MetLife had a reasonable expectation to rely on the language of the Separation Agreement and acted in good faith was not based on evidence or documents presented or referred to in the Complaint, but simply MetLife's self-serving arguments. As this Court is aware, in considering a Rule 12(b)(6), the Court must accept true the allegations of the Complaint in a light most favorable to the Plaintiff. See <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 244 (4th Cir.1999).

Moreover, whether the Defendant MetLife acted in good faith with regard to releasing the life insurance proceeds was not at issue in the declaratory judgment action. The Declaratory Judgment Act of 1934, 28 U.S.C. § 2201, permits a federal court to declare the rights of a party whether or not further relief is or could be sought, and . . . declaratory relief may be available even though an injunction is not." <u>Green v. Mansour,</u> 474 U.S. 64, 72 (1985) (citation omitted). The

---

[1] The courts opinion stated that: "The Court will construe MetLife's motion as a motion for summary judgment. In considering the Estate Defendants' Motion for Summary Judgment, the Court has concluded that Pajotte waived her rights as the beneficiary to Tyson's life insurance policies in the Separation Agreement as a matter of law. This conclusion applies in equal measure to Pajotte's claim against MetLife". Letter Opinion ¶11

[2] For purposes of the Motion, Plaintiff assumes the Collateral Estoppel grounds referenced in the Letter Opinion are pertaining to the Court's findings on Defendants' Estate and Pajotte's MSJ.

basis of this action was for this Court to determine, [s]olely, Plaintiff's right to life insurance proceeds, and not whether Defendant acted in good faith. Certainly, if this action against the Defendant was in tort, it would certainly be permissible for the Court to find the motivation for Defendant's reliance on the Settlement Agreement. Because this is not an action to determine the wrongful conduct of the Defendant, wherein, good faith reliance would be an affirmative defense, this court committed reversible error in making such a finding and ignored Plaintiff's arguments espoused in her Complaint.

The 4th Circuit has ruled that this Court, in deciding whether a complaint will survive a motion to dismiss, must evaluate the complaint in its entirety, as well as documents attached or incorporated into the complaint. *Sec'y of State for Defence v. Trimble Navigation Ltd*., 484 F.3d 700, 705 (4th Cir.2007); *Phillips v. LCI Int'l Inc*., 190 F.3d 609, 618 (4th Cir.1999) (stating that "a court may consider [a document outside the complaint] in determining whether to dismiss the complaint" where the document "was integral to and explicitly relied on in the complaint" and there was no authenticity challenge). However, the 4th Cir. as unequivocally stated that "the district court [cannot go beyond these documents] on a Rule 12(b)(6) motion; if it does, it [converts the motion into one for summary judgment]. Fed. R.Civ.P. 12(b), 12(d), 56. Such conversion is not appropriate where the parties have not had an opportunity for reasonable discovery. 449*449 *Gay v. Wall*, 761 F.2d 175, 178 (4th Cir.1985) ("Because Gay was not afforded an opportunity for reasonable discovery, the district court's treatment of the motion to dismiss as a motion for summary judgment was an abuse of discretion.").

It is likewise important to note that Defendant MetLife argued below that it needed additional time to prepare for trial and requested an amendment to the Scheduling Order to conduct discovery. **Exhibit B.** Specifically, MetLife, admitted that having been added into the case six

months after the Scheduling Order, it would be virtually impossible to go to trial without properly

preparing its case. *See record*.  As of this writing, that Motion also has not been ruled on, although,

all parties, including the Plaintiff consented to the Motion.

Therefore, this Court has committed reversible error in granting summary judgment and

also granting Defendant's Motion to Dismiss in collateral estoppel grounds.

### III. CONCLUSION

Plaintiff has demonstrated justice requires that the Court grant this Motion and either, Alter

or Amend its Judgement, Grant Plaintiff a New Trial or Revise the Judgment or such other and

further relief as may be deemed just and proper.

Respectfully Submitted,


THE LAW OFFICES OF JESSIE LYONS
CRAWFORD, LLC

/s/ Jessie Lyons Crawford
_____
**JESSIE LYONS CRAWFORD, Esq.**
**COUNSEL TO PLAINTIFF**
Federal Bar No.: 25247
2601 Maryland Avenue
Baltimore, Maryland 21218
410-662-1230  F: 410-662-1238
E. attorneyjlcrawford@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that to the best of my knowledge, information, and belief that on this 24TH   day of September 2018, a copy of the forgoing Motion was served in accordance with the Court's ECF Filing Notice System to:

Samantha Granderson, Esquire
BACON, THORNTON, & PALMER, LLP
6411 Ivy Lane, Suite 500
Greenbelt, MD 20770
Attorney for the Defendants
Lynette Pajotte and Estate of
Tyson Pajotte
*Via Electronic Notice*

Gail L. Westover, Esquire
EVERSHEDS SUTHERLAND
700 Sixth Street, NW, Suite 700
Washington, DC 20001
*Via Electronic Notice*

M. Richard Coel, Esquire
Office of General Counsel
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
600 Fifth Street, NW
Washington, DC 20001
*Via Electronic Notice*

Jim Carbine, Esquire
JAMES E. CARBINE, P.C.
711 W. 40th Street
The Rotunda, Suite 356
Baltimore, Maryland  21211
Attorney for Reliastar Insurance
*Via First Class Mail Postage Prepaid*

/s/ Jessie Lyons Crawford
_____
**JESSIE LYONS CRAWFORD, Esq.**
**COUNSEL TO PLAINTIFF**