**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | | |
|---|---|---|
| DENISE PAJOTTE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Case No: 8:17-cv-03704-TJS |
| | : | |
| LYNETTE PAJOTTE; ET AL. | : | |
| | : | |
| Defendants. | : | |

_____

## METROPOLITAN LIFE INSURANCE COMPANY'S OPPOSITION
## TO PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT

Defendant, Metropolitan Life Insurance Company ("MetLife"), by and through its undersigned counsel, respectfully files this Opposition to Plaintiff's ("Denise Pajotte") Motion To Alter or Amend the Judgment.  In support of its Opposition, MetLife states the following:

### PRELIMINARY STATEMENT

On September 24, 2018, Plaintiff filed a Motion To Alter or Amend the Judgment; Motion for New Trial; Motion To Revise Judgment pursuant to Federal Rule of Civil Procedure 59(e),[1] requesting that the Court reconsider its August 27, 2018 Order(s) and Letter Memorandum Opinion ("Memorandum Opinion"), entering judgment against Denise Pajotte and in favor of all Defendants.  The Court dismissed Plaintiff's case in its entirety.  In the motion, Plaintiff argues that the Court committed reversible error because (1) the Court failed to rule on Plaintiff's Motion to Strike Defendant Lynette Pajotte's ("Estate Defendants") Motion for Summary Judgment which

---

[1] A motion to alter or amend filed within 28 days of judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59 (e); *Myers v. CFG Cmty. Bank*, No. ELH-16-3220, 2016 WL 6962864, at *1 (D. Md. Nov. 29, 2016).  Therefore, since Plaintiff filed her motion within 28 days, Plaintiff's Motion to Alter or Amend Judgment should be evaluated under Rule 59(e), and not Rule 60.

deprived her of "an opportunity to be heard" in violation of due process, and (2) the Court granted MetLife's Motion for Summary Judgment "sole[ly] based" on its granting the Estate Defendants' Motion for Summary Judgment, and before Plaintiff had an opportunity to be heard on the Estate Defendants' Motion for Summary Judgment.  Pl. Mot. to Amend at 3-6.

As discussed in detail below, Plaintiff's post-judgment motion is nothing more than a desperate attempt to delay final resolution of all of her claims against MetLife.[2]  Plaintiff's arguments have no merit (in fact or in law) and fail to satisfy any of the limited situations where a Rule 59(e) remedy is appropriate.  First, Plaintiff's argument that the Court erred in not ruling on a pending Motion to Strike the Estate Defendants' Motion for Summary Judgment is inconsequential because Plaintiff's argument relating to an alleged violation of due process is barred under Rule 59(e).  Second, Plaintiff's argument that the Court failed to rule on Plaintiff's claims against MetLife on the merits is blatantly wrong.  The Court's thirteen-page Memorandum Opinion provides a detailed factual and legal analysis under applicable Maryland law to support granting MetLife's Motion for Summary Judgment, or in the alternative Motion to Dismiss. Plaintiff's arguments stem solely from her disagreement with the Memorandum Opinion, and fail to offer *any* viable scenario to support a Rule 59(e) motion.  For these reasons, Plaintiff's Motion To Alter or Amend the Judgement should be denied.

## STANDARD OF REVIEW

A district court may amend a judgment under rule 59(e), *inter alia*, to "prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Although the plain language

---

[2] As this Court is aware, Plaintiff filed a duplicative action in the Circuit Court for Prince George's County (CAL 18-00295).  On September 5, 2018, MetLife filed a Notice of Additional Authority in Support of MetLife's Motion to Dismiss, attaching this Court's August 27, 2018 Memorandum Opinion, and requesting dismissal of the state court action under the doctrine of *res judicata*.  The state court has scheduled a hearing on MetLife's Motion to Dismiss on October 19, 2018, but Plaintiff seeks a stay in that case pending resolution of her motion here.

of Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment, the Fourth Circuit has clarified: "Our case law makes clear that Rule 59(e) motions can be successful in _only_ three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (emphasis added) (citations omitted); *see Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006); *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002).

The Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion 'to raise arguments which could have been raised prior to the issuance of the judgment," or "to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see also National Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (citation omitted).  "A motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.' " *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995)).  A losing party's "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082 (citation omitted); *see also U.S. ex rel. Becker*, 305 F.3d at 290.  Indeed, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co.*, 148 F.3d at 403 (citation omitted).

## ARGUMENT

Plaintiff's Motion to Alter or Amend Judgment fails to argue any limited situation under Rule 59(e), which may warrant the Court to reconsider its August 27, 2018 Memorandum Opinion.

First, Plaintiff does not allege any intervening change in controlling law.  Second, Plaintiff does not present new evidence.  Finally, Plaintiff's procedural missteps in litigating her claim and mere disagreement with the Memorandum Opinion cannot and does not support her argument that the Court somehow committed reversible error under Rule 59(e).  Without more, Plaintiff's Motion to Alter or Amend Judgment should be denied.

    A.   Plaintiff Is Barred from Arguing "Due Process Violations" Attributed to Plaintiff's Actions/Inactions Under Rule 59(e)

In the motion, Plaintiff argues, for the first time, that her due process rights were violated when the Court ruled on the Estate Defendants' Motion for Summary Judgment on the merits *before* ruling on Plaintiff's pending Motion to Strike the Estate Defendants' Motion for Summary Judgment.  Pl. Mot. to Amend at 2.  The state and federal docket offers no evidence that Plaintiff properly filed a motion to strike in the Circuit Court for Prince George's County before removal to this Court.  Nevertheless, Plaintiff alleges that she filed a motion to strike on December 4, 2017,[3] wherein she argued that the Estate Defendants' Motion for Summary Judgment was untimely and should be stricken.   Until the filing of this September 24, 2018 motion, Plaintiff seems to be the only party with a copy of the motion to strike.

Assuming that Plaintiff properly filed a motion to strike in state court, Plaintiff continued to litigate the case in federal court, for well over <u>eight months</u>, yet she never brought the outstanding motion to strike to the Court's attention.   Instead, Plaintiff focused on litigating the case, as the Court best described it, in "a scattershot approach," which included Plaintiff filing numerous dilatory motions to prevent the Court from ruling on the merits, such as (1) Motion for

---

[3] Plaintiff submitted a Motion to Strike as Exhibit A to her Motion Alter or Amend Judgment.  The document seems to be court-stamped as filed on December 4, 2017.  MetLife did not receive a copy of the Motion to Strike in December 2017.  It is unclear if the Estate Defendants received a copy of the motion.

Leave to File a Fourth Amended Complaint (ECF No. 91); (2) Motion for Voluntary Dismissal (ECF. No. 99); and (3) Motion to Remand to State Court (ECF. No. 111).   Furthermore, the parties jointly participated in status and telephone conferences (with and without Court intervention) while the case was pending in federal court yet Plaintiff remained silent in presenting any concerns or arguments related to the pending motion to strike.

Specifically, in the eight months that the case lingered in federal court, Plaintiff never argued and/or alleged a due process argument related to her failure "to be heard" or respond to the Estate Defendants' Motion for Summary Judgment.  Plaintiff did not prepare an opposition to the Motion for Summary Judgment.  Plaintiff did not file an opposition to the Motion for Summary Judgment – neither in state court, even when the court granted Plaintiff an extension to respond, nor in federal court.  Plaintiff did not seek any available recourse (via motion or hearing) to have the Court rule on the pending motion.

Furthermore, Plaintiff's argument is futile because the motion to strike is moot and would have had no effect on the Court's final judgment.   As the Court indicated in the Memorandum Opinion, Plaintiff filed a Motion for Leave to File a Response to the Estate Defendants' Motion for Summary Judgment, on December 1, 2017, which the Circuit Court granted.  Mem. Op. at 6 note 6.   The Circuit Court granted Plaintiff an extension to file a response to the Motion for Summary Judgment on or before December 8, 2017.  *Id.*  In lieu of filing an opposition, Plaintiff alleges that she filed a motion to strike on December 4, 2017.  Plaintiff failed to comply with the Court's Order.  Since Plaintiff failed to respond to the Estate Defendant's Motion for Summary Judgment, the motion to strike is now moot.  As a result, Plaintiff's novel argument that the Court's

failure to rule on the motion to strike somehow constitutes error of law under Rule 59(e) must fall flat.[4]

As the record stands, Plaintiff cannot dispute that she had many opportunities to present arguments related to her failure to respond to the Estate Defendants' Motion for Summary Judgement prior to the August 27, 2018 judgment, but failed to do so. *See, Pacific Ins. Co.,* 148 F.3d 396 at 404 ("Rule 59(e) may not be used to raise new arguments ... that could have been raised prior to judgment"); *Kelly v. Simpson*, No. RDB-16-4067, 2017 WL 4065820, at *1 (D. Md. Jan. 26, 2017) ("[T]he Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to raise arguments which could have been raised prior to the issuance of the judgment ....") (internal quotation marks omitted).  Because Plaintiff's arguments related to her procedural missteps in litigating her claim, including an alleged "due process" violation resulting thereof, could have been raised prior to the August 27, 2018 judgment, Plaintiff is now barred from making the arguments under Rule 59(e).[5]

B. <u>The Court's Granting of MetLife's Motion for Summary Judgment Is Not Clear Error</u>

In the motion, Plaintiff broadly alleges that the Court erred in granting MetLife's Motion for Summary Judgment, and should reverse judgment until Plaintiff "has had an opportunity to be heard on Defendants' Estate's and Pajotte's MSJ." Pl. Mot. to Amend. at 4.  Plaintiff also appears to argue that the Court erred in ignoring Plaintiff's request for a declaratory judgment and instead improperly engaged in a factual and legal analysis as to whether MetLife acted wrongly or

---

[4] The Court engaged in an independent factual and legal analysis to support granting the Estate Defendants' Motion for Summary Judgement. Mem. Op. at 6-10.  Thus, Plaintiff's argument that the Court's ruling on the motion for summary judgment (without ruling on the pending motion to strike) is clear error of law is entirely without merit.

[5] MetLife does not concede that Plaintiff has alleged a viable due process claim, which based on the motion is unclear and unsupported by relevant caselaw.  Plaintiff engages in <u>no</u> substantive or procedural due process analysis to support her allegation.

improperly under Maryland law.  Pl. Mot. to Amend. at 5.  Plaintiff's arguments, aside from misplaced, fail to satisfy the Rule 59(e) standard.

When a movant asserts that the court has made a clear error of law the movant must point to an actual error in the court's analysis, not just a point of disagreement.  *See Hutchinson*, 994 F.2d at 1082 ("…mere disagreement does not support a Rule 59(e) motion."); *Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works, LLC*, No. 06CV956, 2007 WL 2021901 *2 (E.D. Va. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to 'rehash' arguments previously presented or to submit evidence which should have been previously submitted.") (citations omitted).

As an initial matter, Plaintiff makes several misrepresentations in an attempt to support her baseless argument that the Court erred in granting MetLife's Motion for Summary Judgment. First, Plaintiff argues that the Court granted MetLife's Motion for Summary Judgment "solely based" on its granting the Estate Defendants' Motion for Summary Judgment.  This is simply incorrect.  In the Memorandum Opinion, it is obvious that the Court engaged in a detailed and independent legal analysis of Plaintiff's claims against MetLife, including an insurer's duty to perform under contract in Maryland.   In doing so, the Court held that MetLife paid the proceeds to the Estate Defendants in good faith, and in full compliance with Maryland law.  Mem. Op. at 11.  Therefore, the Court granted MetLife's Motion for Summary Judgment. [6]  The Court stated:

> Under Maryland law, insurers have a duty of good faith performance under insurance contracts. *See Dominant Investments 113, LLC v. United States Liab. Ins. Co.*, 247 F. Supp. 3d 696, 704 (D. Md. 2017) (citing Md. Code, Cts. & Jud. Proc. § 3-1701).   "'Good faith' means an informed judgment based on honesty and diligence supported by evidence the insurer knew or should have known at the time

---

[6] In the alternative, the Court also granted MetLife's Motion to Dismiss under Rule 12(b)(6) for failure to state a claim because the Separation Agreement (attached to the Complaint) constituted a waiver of Plaintiff's beneficiary rights, and MetLife's payments to the Estate were proper under Maryland law.  Mem. Op. at 12.

the insurer made a decision on a claim." *Id.*; *see also* Md. Code, Ins. § 27-1001 ("[G]ood faith" means an informed judgment based on honesty and diligence supported by evidence the insurer knew or should have known at the time the insurer made a decision on a claim.")  "Maryland does not recognize a specific tort action against an insurer for bad faith failure to pay an insurance claim." *Class Produce Grp., LLC v. Harleysville Worcester Ins. Co.*, No. ELH-16-3431, 2018 WL 1471682, at *10 (D. Md. Mar. 23, 2018) (quoting *Johnson v. Kemper Inc. Co.*, 74 Md. App. 243, 248 (1988)).  "However, failure to act in good faith in denying insurance coverage, under [Md. Code, Cts. & Jud. Proc.] C.J. § 3-1701 and its companion, Ins. § 27-1001, is a State statutory cause of action created in 2007." *Class Produce*, 2018 WL 1471682, at *10.  A claim under C.J. § 3-1701 is ordinarily subject to an administrative exhaustion requirement with the Maryland Insurance Administration.  *Id.*

Count I is styled as a request for declaratory judgment. The Court finds that MetLife's reliance on the Separation Agreement in declining to pay Pajotte's claim under the policy was done in the "good faith belief that such payment [was] not required under the contract (or under the law)."  *S. Maryland Elec. Co-op., Inc. v. Travelers Ins. Co.*, 52 Md. App. 140, 149 n.4 (1982).  To the extent that Pajotte is entitled to any declaration at all regarding MetLife's conduct in this case, the Court states as follows.  MetLife paid the proceeds of Tyson's life insurance policy to Tyson's estate in good faith and in reliance on the Separation Agreement and Maryland law.  MetLife's motion (ECF No. 49) is **GRANTED**.

Mem. Op. at 11.

In her motion, Plaintiff fails to point to an actual error in the Court's analysis above. Instead, Plaintiff incorrectly argues that the Court failed to engage in *any* analysis and simply relied on the Court's legal analysis applied to the Estate Defendants, which is clearly not the case.  Pl. Mot. to Amend at 3.  Since Plaintiff has failed to point this Court to any error of law, Plaintiff's Motion To Alter or Amend the Judgment should be denied.

Second, Plaintiff argues that the Court misconstrued Plaintiff's request for a declaratory judgment (i.e. whether or not Plaintiff was entitled to the policy funds), and erred in engaging in an analysis as to whether MetLife's actions in making payments to the Estate Defendants was proper under Maryland law.  *Id.* at 4-5.  This argument is also baseless.  This is Plaintiff's claim. Plaintiff filed a claim against MetLife arguing that MetLife improperly released the life insurance

policy funds to the Estate Defendants.   Therefore, the Court's analysis in determining whether MetLife's actions in making the policy payments to the Estate Defendants complied with Maryland law is *one and the same* as the analysis that would be involved in determining whether the Plaintiff is/was entitled to the policy proceeds.   To think otherwise would defy logic and common sense. Regardless, the Court directly addressed this issue in the Memorandum Opinion by stating, "To the extent that Pajotte is entitled to any declaration at all regarding MetLife's conduct in this case, the Court states as follows.   MetLife paid the proceeds of Tyson's life insurance policy to Tyson's estate in good faith and in reliance on the Separation Agreement and Maryland law. MetLife's motion (ECF No. 49) is **GRANTED**."   Mem. Op. at 11.

In her motion, Plaintiff only proffers her disagreement with the Memorandum Opinion and fails to argue any viable basis to substantiate clear error of law under Rule 59(e).   Plaintiff's Motion To Alter or Amend the Judgment should be denied.

## CONCLUSION

As indicated above, Plaintiff has failed to argue any basis to support the extraordinary remedy under Rule 59(e).   Plaintiff fails to point to any error of law in the Court's analysis in the August 27, 2018 Memorandum Opinion, and merely rehashes her disagreement with the Court's dismissal of the case.   MetLife respectfully requests that the Court deny Plaintiff's Motion To Alter or Amend the Judgment, and award any additional remedy that it deems appropriate, including reasonable attorneys' fees and costs that MetLife incurred in responding to Plaintiff's meritless post-judgment motion.

Dated: October 9, 2018     Respectfully submitted,

               */s/ Gail L. Westover*
               Gail L. Westover (Bar No. 13752)
               Samir A. Aguirre (Bar No. 19400)
               EVERSHEDS SUTHERLAND (US) LLP
               700 Sixth Street, N.W., Suite 700
               Washington, DC 20001-3980
               (202) 383-0100 (telephone)
               (202) 637-3593 (facsimile)
               gailwestover@eversheds-sutherland.com
               samiraguirre@eversheds-sutherland.com

               *Attorneys for Defendant Metropolitan Life*
               *Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of October, 2018, I caused a true and correct copy of the foregoing Metropolitan Life Insurance Company's Opposition to Plaintiff's Motion To Alter or Amend the Judgment to be served upon counsel of record via the Court's CM/ECF system.

               */s/ Gail L. Westover*
               Gail L. Westover (Bar No. 13752)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

DENISE PAJOTTE,                          :
                                         :
                    Plaintiff,           :
                                         :
vs.                                      :        Case No: 8:17-cv-03704-TJS
                                         :
LYNETTE PAJOTTE; ET AL.                  :
                                         :
                    Defendants.          :
_____

**ORDER**

UPON CONSIDERATION of Plaintiff Denise Pajotte's Motion to Alter or Amend the Judgment, Defendant Metropolitan Life Insurance Company's Opposition to Plaintiff's Motion To Alter or Amend the Judgement, and the record herein, it is, this _____ day of _____ 2018;

ORDERED, that Plaintiff's Motion To Alter or Amend the Judgement is hereby **DENIED**; and,

It is further ORDERED that Defendant Metropolitan Life Insurance Company is hereby awarded attorneys' fees and costs incurred in responding to Plaintiff's Motion To Alter or Amend the Judgment.

SO ORDERED.


Dated: _____, 2018                    _____
                                              Timothy J. Sullivan
                                              United States Magistrate Judge

11